UNITED STATES, Appellee

v

NEIL J. WILSON, Basic Airman, U. S. Air Force, Appellant

7 USCMA 656, 23 CMR 120

No. 8989

Decided March 15, 1957

*Captain Norman J. Nelson* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Stanley S. Butt.*

*Captain Lawrence J. Gross* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Francis P. Murray.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was tried jointly with another member of the Armed Services by a general court-martial, for housebreaking and larceny, in violation of Articles 130 and 121, Uniform Code of Military Justice, 10 USC §§ 930 and 921, respectively. In accordance with his plea, he was found guilty as charged, and was sentenced to bad-conduct discharge, total forfeitures, and confinement for one year. The findings and the sentence were approved by the convening authority, and thereafter affirmed by the board of review, one member dissenting. The accused sought review here and we granted his petition to determine whether the law officer became disqualified to act as such during the course of the proceedings, and if so, the effect of the error.

The issue involved does not necessitate a narration of the facts concern-

ing the commission of the offenses, so they will be omitted. The problem arose as follows. After the finding of guilty was announced at trial, the prosecution introduced in evidence a special court-martial order, showing accused's prior conviction of two offenses. Appearing on the document was a statement, signed by a Major Vaughan, who served as law officer in the present case, that the record of the previous trial had been examined by him pursuant to Article 65(c) of the Code, 10 USC § 865, and found to be legally sufficient. The order which was exhibited to defense counsel was introduced without objection and no challenge or protest was made at the trial level to the law officer's continued service in that capacity. Thereafter, sentence was imposed on the accused. The law officer did not disclose that he had any previous knowledge with regard to the court-martial record of the accused, and there is nothing to indicate that he had any recollection of having performed a review function with respect to the previous convictions. A board of review held that he became a prosecution witness, but concluded that a reversal was not required because his disqualification on that ground did not prejudice the accused. One member of the board disagreed with that conclusion. It is the holding of the majority which the petitioner here seeks to overturn.

## II

Under the provisions of Article 26 (a) of the Code, 10 USC § 826:

". . . No person is eligible to act as law officer in a case if he is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case."

This codal proscription is supplemented in the Manual for Courts-Martial, United States, 1951, by paragraph 63, page 94, which provides:

"If at any stage of the proceedings the law officer or any member of the court is called as a witness by the prosecution, he shall, before qualifying as a witness, be excused from fur-

ther duty as law officer or member, respectively, in the case."

Accordingly, our initial inquiry must be whether the law officer became a witness for the prosecution by reason of the introduction in evidence of the court-martial order.

The board of review noted that a special court-martial order promulgating the results of a trial at which a bad-conduct discharge was not adjudged does not establish the finality of the conviction. The review required by Article 65(c), Uniform Code of Military Justice, supra, and paragraph 94a, Manual for Courts-Martial, United States, 1951, must first be completed. It concluded, therefore, that Major Vaughan became a witness for the prosecution when the order was introduced into evidence, because his recital and signature established the finality of the previous conviction, and thus was an essential part of the exhibit. We arrive at the same result.

Paragraph 75b(2) of the Manual, supra, provides that until the accused has been tried for an offense and it has been finalized by having appellate review completed, the conviction shall not be admissible as evidence of a previous offense. However, we have held in previous cases that the initial order promulgating the result of trial amounts to a prima facie showing of finality, and is therefore admissible to establish a prior conviction. Furthermore, we have stated that unless that showing is overcome by other evidence in the record or rebutted by the accused, no further evidence of finality is necessary and such a conviction may be used as a basis for increasing the severity of the sentence. United States v Tiedemann, 1 USCMA 595, 5 CMR 23; United States v Larney, 2 USCMA 563, 10 CMR 61. In United States v Anderson, 2 USCMA 606, 10 CMR 104, a later case, we noted that the very exhibit offered to prove a prior conviction might itself destroy any inference of finality, for example, if it revealed that such a short time period had elapsed since the prior trial that appellate review could not possibly have

taken place. However, here the time element necessary for normal completion of review in this type of case was ample, and counsel for defense made no objection when the document was offered in evidence. Thus it is apparent that the Government would have established the admissibility of this document in the instant case, absent any showing on the face of the order that the record of the previous trial had been reviewed for legality. The Major's recital of review therefore was not essential to prove, prima facie, the finality of the conviction, and thus was not a prerequisite to the admissibility of the court-martial order. Can it therefore be said that he was not a witness because his statement might be regarded as cumulative?

Although the Government might have contented itself with a mere prima facie showing of finality, it elected, quite properly we believe, to build a better case. To hold that the prosecution need not introduce conclusive proof of the finality of a conviction is not to say that it is precluded from doing so, for such additional proof is clearly relevant and material to lay a foundation for admissibility, and in this connection it is important to note that the whole document—including Major Vaughan's recital—was introduced in evidence as an exhibit. Had the notation and signature not been on the document, defense counsel might have challenged its entry in the record. Certainly, it is not at all difficult to conclude that that portion of the exhibit which removed any uncertainty about finality added to the base established for admissibility of the document.

In United States v Moore, 4 USCMA 675, 16 CMR 249, we noted that a witness is one whose declaration is received as evidence for any purpose, whether such declaration be made on oral examination or affidavit. Clearly, then, it is not necessary that one testify in person, and the statement on the court-martial order which is attributable to Major Vaughan makes him a witness to the fact that statutory review was complete and the conviction final.

That the prosecution could have chosen to rely on the prima facie evidence of finality inherent in a court-martial order without such a recital is of no consequence, for it did not so choose. Having found it necessary and desirable to use the exhibit, the Government was not obliged to rely upon evidence of a prior conviction which might be questioned, and Major Vaughan was no less a prosecution witness than if the Government had purposely introduced a deposition from him to the effect that he had reviewed the conviction according to statute, or called him to the witness stand to testify to that fact. The conclusion is inescapable, therefore, that for all intents and purposes Major Vaughan became a witness for the prosecution when trial counsel introduced the court-martial order.

### III

Having determined that the law officer became a witness for the prosecution, we must determine the effect of his participation in the sentencing phase of this case. As we noted earlier, the Code and the Manual both prohibit a law officer from becoming a witness. This Court has dealt previously with proscriptions phrased in identical terms against a court member acting as a government witness. In United States v Moore, supra, we held such provisions to be clear and unequivocal, and of salutary effect. As we said there at page 678:

"... The accused has the statutory right to have his innocence determined and his punishment imposed by a court composed entirely of members whose qualifications meet the standards of eligibility as set forth in the Code and the Manual. A denial of that right is prejudicial."

The provisions prohibiting the same activity by a law officer are no different, Article 26(a), Uniform Code of Military Justice, 10 USC § 826, hence when he becomes a prosecution witness, the Code and the Manual provide that he must be excused from further participation in the case.

The board of review held, and we

**659**

agree, that the error did not infest the proceedings ab initio, for ▮▮ the error did not occur until the ineligibility arose —after the findings had been announced. United States v Beer, 6 USCMA 180, 19 CMR 306. In this connection, we note that the law officer is not disqualified until he becomes a witness for the prosecution, paragraph 63 of the Manual, supra, and that the Manual, in paragraph 39e, page 56, specifically contemplates the possibility of replacing him during trial.

The board of review further held, however, and the Government argues here, that the error did ▮▮ not prejudice the accused because the law officer has no part in the sentencing procedure, and it was not until then that the ineligibility occurred. At this point, we must reject the board's reasoning and their disposition of this case, for we cannot accept the doctrine that the accused has not been prejudiced. First, we point out that although the law officer does not vote or assist the members of the court in fixing sentence, he does have an active function in the presentencing hearing. He rules on the admissibility of evidence touching on the sentence, and he may be faced with other matters which call for rulings. We note that in the present instance he ruled a service record extract to be inadmissible, while admitting a court-martial order, the finality of which he himself had attested. Further, and more important, regardless of whether he participates actively in the hearing, the continued presence of a qualified law officer is an absolute requisite to a valid proceeding. Without the presence of a law officer who is competent to preside, there just is no properly constituted court, and its acts during that time have no legal efficacy. Paragraph 8 of the Manual, page 14, provides in part:

"The jurisdiction of a court-martial—its power to try and determine a case—and hence the validity of each of its judgments, is conditioned upon these indispensable requisites: That the court was appointed by an official empowered to appoint it; that the membership of the court was in accordance with the law with respect to number and competency to sit on the court; and that the court was invested by act of Congress with power to try the person and the offense charged."

The codal provision setting forth the composition of courts-martial is Article 16, Uniform Code of Military Justice, 10 USC § 816, and it requires a law officer and at least five court members to constitute a general court-martial. Thus it is crystal clear that at the instant Major Vaughan became a prosecution witness, the tribunal was without a proper law officer and it ceased to be a court-martial for any purpose except to take the steps necessary to have itself reconstituted.

Some argument is made, however, that the petitioner waived his rights under these provisions, for ▮▮ he was represented by certified counsel who specifically stated that he had "no objection" to the document which made Major Vaughan a witness. The short answer to this approach is that the record does not show that any parties to the proceeding—either prosecution or defense—became aware of the fact that the law officer had become a witness. In passing, we note that no objection to the exhibit could properly be taken even if it were known that its admission would make the law officer a witness. That is to say, a law officer is perfectly competent to appear as a witness for the prosecution; he is only thereafter forbidden to act as law officer. It is safe to conclude, therefore, that his ground for challenge had not yet arisen at the time when defending counsel indicated he did not object to the introduction of the exhibit into evidence. Rather than affirmatively agreeing to the law officer's continuing to act in that capacity after he had become a witness for the prosecution, defense counsel failed to act at all with regard to challenge. Thus, we have no reason to suppose that counsel intended a knowing waiver of his ground for challenging the law officer.

The grounds of challenges for cause

against a law officer are set forth in paragraph 62f of the Manual, page 91. As we have noted in previous cases, the first eight of these grounds—of which challenge for the reason that the law officer is or will be a prosecution witness is one—are extremely important, and in order that they may be the subject of waiver they must be cast aside with full knowledge of their existence. United States v Beer, supra; United States v Bound, 1 USCMA 224, 2 CMR 130. In the present case, there simply is no indication of the "intelligent and conscious waiver" we required in Beer. In certain areas, we have been unwilling to impose a waiver upon a mere showing of an uninformed failure to act. Particularly are we hesitant to so rule when the issue is the power of the court to act. In that situation, at least, there ought to be a positive declaration that the accused elects to continue on with the proceedings. We conclude, therefore, that there was no waiver and the sentence imposed cannot stand for it was assessed at a time when the court-martial was not authorized to act.

Accordingly, the decision of the board of review is affirmed as to the findings but reversed as to the sentence, and a rehearing on the sentence is directed.

Chief Judge QUINN and Judge FERGUSON concur.