UNITED STATES, Appellant

v

JAMES N. LAW, Private E-2, U. S. Army, Appellee

10 USCMA 573, 28 CMR 139

No. 13,038

Decided August 7, 1959

First Lieutenant George H. Parsons argued the cause for Appellant, United States. With him on the brief was Lieutenant Colonel James C. McConaughy.

First Lieutenant Neil Flanagin argued the cause for Appellee, Accused. With him on the brief was Lieutenant Colonel Ralph Herrod.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Upon his plea of guilty, a general court-martial convicted accused of receiving stolen property, a violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to confinement at hard labor for six months and partial forfeitures for a like period, and, except for a slight reduction in the amount of forfeitures, the convening authority approved. Pursuant to Article 69, Uniform Code of Military Justice, 10 USC § 869, The Judge Advocate General of the Army referred the record to a board of review, which concluded as a matter of law that the law officer was not competent to serve and that there was no properly constituted court-martial. Accordingly, it set aside both the findings and sentence and ordered a rehearing. Thereafter, the Acting The Judge

Advocate General of the Army certified the following two issues to this Court for our consideration:

"(1) Was the board of review correct under the circumstances of this case in holding that the accused could not waive the fully disclosed disqualifications of the law officer?

"(2) If the board of review was correct in holding that there was a jurisdictional defect with the result that there was no properly constituted court-martial, did it err in ordering a 'rehearing,' thus effecting a continuation of the former proceeding, instead of directing another trial in the nature of a completely new an independent proceeding?"

The facts germane to our inquiry are simple and undisputed. After the court-martial had convened, and prior

574

to the time accused entered his plea of guilty, the law officer volunteered the information that he believed himself subject to challenge. He stated he was familiar with the evidence in this and in two companion cases, had presided as law officer in one of the companion cases, and further had participated in the preparation of charges in the instant case. After making this full disclosure, he inquired if the defense wished to exercise the right to challenge him for cause. Accused and trial defense counsel both expressly announced they did not wish to challenge him and, in answer to direct questions, stated the accused waived his right in that regard.

The question presented for resolution by the first certified issue is not new to this Court. We have decided several cases involving a similar problem, and a consideration of those opinions dictates the conclusion we reach.

In United States v Renton, 8 USCMA 697, 25 CMR 201, the law officer had assisted in drafting the charges. Defense counsel's challenge against the law officer, which was predicated on that pretrial activity, was not sustained. We there held that accused was prejudiced by the failure to sustain the challenge, commenting:

". . . We can only look with complete disapproval upon the conduct of a law officer who actively assists the prosecution prior to trial and then subsequently attempts to sit in the case as a disinterested arbiter."

And the concurring opinion in that case characterized the law officer's prior participation as that of a counsel for the Government, thus rendering him ineligible to serve in light of paragraph 62f(6), Manual for Courts-Martial, United States, 1951, and Article 26(a), Uniform Code of Military Justice, 10 USC § 826, which states no person shall be eligible to serve as law officer when he has acted as counsel in the same case.

Here, as in Renton, supra, the law officer also helped draft the charges against accused. Moreover, he stated he was familiar with the evidence and he had presided at the trial of a closely related case. See paragraph 62f(13) of the Manual, supra. Accordingly, were there no differentiating facts in the case at bar, our holding in Renton would be dispositive. In the instant proceeding, however, after having been fully apprised of his activities, the defense not only failed to object but in fact expressly waived any challenge against the law officer.

Article 25(d)(2) of the Code, 10 USC § 825, provides in part:

". . . No member of an armed force is eligible to serve as a member of a general or special court-martial when he is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case."

and Article 26(a) of the Code, supra, sets forth the same provision with respect to law officers. However, as a majority of the Court pointed out in United States v Mortensen, 8 USCMA 233, 24 CMR 43, there is a difference between a lack of statutory qualification as distinguished from eligibility set out in Article 26(a). And it is clear that the prior participation by a law officer in any activity listed in the relevant portion of that subarticle does not raise such a bar to his acting at trial that it cannot be waived, for in United States v Beer, 6 USCMA 180, 19 CMR 306, we held the right to question a court member's eligibility to participate could be cast aside by "an intelligent and conscious waiver." Likewise, in United States v Hurt, 8 USCMA 224, 24 CMR 34, where a court member had previously acted as counsel in the case, this Court held unanimously that any ineligibility had been knowingly waived, for the defense had been fully apprised of the situation and expressly stated they had no objection to the court member. See also United States v Turner, 9 USCMA 124, 25 CMR 386. Certainly there is no difference between the pertinent language of Articles 25 and 26 of the Code, supra, and thus there is no question but that a law officer's ineligibility, like that of a court member, may be similarly waived. This conclusion is borne out by our opinion in United States v Wil-

son, 7 USCMA 656, 23 CMR 120. There the law officer became a witness for the prosecution, but we refused to invoke the doctrine of waiver, for:

". . . Rather than affirmatively agreeing to the law officer's continuing to act in that capacity after he had become a witness for the prosecution, defense counsel failed to act at all with regard to challenge. Thus, we have no reason to suppose that counsel intended a knowing waiver of his ground for challenging the law officer."

See also United States v Moore, 4 USCMA 675, 16 CMR 249.

We conclude in the case at bar, therefore, that the defense, by declining to challenge, waived any ineligibility on the part of the law officer by reason of his knowledge and pretrial activity. We do not at all have a mere uninformed failure to act or unknowing acquiescence, but rather the very essence of waiver, for the matter was specifically invited to the attention of accused and his counsel, and armed with full knowledge they nonetheless deliberately and consciously declined to challenge the law officer and expressly and unreservedly waived that right. Under those circumstances, the language used by the late Judge Brosman in United States v Beer, supra, is applicable to the instant case:

". . . if I ever saw an express and informed waiver, I find it here."

Accordingly, the board of review erred in holding that there was no properly constituted court-martial, and the first certified question must be answered in the negative. That being so, there is no occasion to answer the second question certified. It is rendered moot, for the decision of the board of review must be reversed. It is so ordered, and the record is returned to The Judge Advocate General of the Army for reference to a board of review for further proceedings not inconsistent with this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

In reversing the decision of the board of review in this case, the author of the principal opinion ignores the basic proposition that jurisdiction cannot be conferred upon a court-martial by the consent of the accused. McClaughry v Deming, 186 US 49, 22 S Ct 786, 46 L ed 1049 (1902). That jurisdictional error is present is evident from the uncontroverted declaration by the law officer in the record:

"LO: Just one moment. As law officer I feel that I am subject to challenge under one of the first eight grounds. I am familiar with this case. I helped prepare the charges and specifications with the courts and boards of the 18th Infantry. I have gone over the evidence in this case. I have helped prepare the charges and specifications in the case of the United States against Goodwin, and in the case of the United States against Humble, companion cases to the case now at bar. I am thoroughly familiar with all the evidence in the cases; I have gone over all the statements; and I sat as law officer in the case of the United States against Goodwin, Private Goodwin, which is the companion case to this. Now, as stated at the outset, I would come under one of the first eight grounds for challenge. Now, at this trial, after such disclosure by this law officer, I will inquire of counsel for the accused whether they desire the right to exercise their challenge for cause."

The defense expressly waived any right to "challenge" the law officer and the trial proceeded, upon the accused's plea of guilty, to findings and sentence. Subsequently, the board of review set aside the findings and sentence on the basis that the law officer's pretrial activities rendered the court improperly constituted and directed a "rehearing." Thereupon, the Acting The Judge Advocate General of the Army certified to this Court the question whether the board of review was correct in determining that the court-martial lacked jurisdiction and, if so, whether it was proper to order a rehearing in the case.

Article 26(a), Uniform Code of Military Justice, 10 USC § 826, provides pertinently:

576

"(a) The authority convening a general court-martial shall detail as law officer thereof a commissioned officer who is a member of the bar of a Federal court or of the highest court of a State and who is certified to be qualified for such duty by the Judge Advocate General of the armed force of which he is a member. *No person is eligible to act as law officer in a case if he is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case."* [Emphasis supplied.]

The detailed resumé which the law officer herein gave of his conduct in connection with the initiation of the prosecution of the accused leaves no doubt that he had aligned himself with the Government prior to the convening of the court-martial and that he had thus acted as "counsel in the same case." Indeed, my brothers so characterize his behavior but conclude that it merely made him subject to challenge, a procedure affirmatively waived by the accused. To the contrary, I think it well settled that he was disqualified to act as law officer and that the court-martial was improperly constituted.

In McClaughry v Deming, supra, the petitioner was a volunteer officer tried before a court-martial consisting of Regular Army Officers. At that time, Article of War 77, Rev Stats § 1342, provided that "Officers of the Regular Army shall not be competent to sit on courts-martial to try the officers . . . of other forces." In holding that the court-martial lacked jurisdiction to try the petitioner, the Supreme Court pointed out:

". . . A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction. . . .

• • • • •

"It is urged, however, that the 77th article of war contains no reference to the jurisdiction of courts-martial; that it merely provides that certain officers shall not be competent to sit on such courts to try certain offenders, and that the jurisdiction of the court to hear and decide is regulated by other articles. But the court-martial that has jurisdiction over any offense must, in the first place, be legally created and convened. Such a court is not a continuous one, created by the statute itself and filled from time to time by appointments of certain members under the power given by statute. The court has no continuous existence, but under the provisions of the statute it is called into being by the proper officer, who constitutes the court itself by the very act of appointing its members; and when in appointing such members he violates the statute, as in this case, by appointing men to compose the court that the statute says he shall not appoint, the body thus convened is not a legal court-martial, and has no jurisdiction over either the subject-matter of the charges against a volunteer officer or over the person of such officer."

There being no difference between the term "competent" and the term "eligible," I believe the foregoing rationale to be equally applicable in the construction of that portion of Article 26(a), supra, which prohibits the appointment of a law officer who has previously acted in the enumerated capacities. Indeed, I thought the question settled by our prior opinions. In United States v Renton, 8 USCMA 697, 25 CMR 201, when confronted with the same type of pretrial conduct on the part of the law officer, we stated:

". . . [T]he law officer, by reason of his pretrial activities, became totally incompetent to serve in that capacity and the tribunal, therefore, was left without a law officer . . . In such a setting, it ceased to be a court-martial for any purpose but to take the necessary steps to have itself reconstituted."

And in United States v Wilson, 7 USCMA 656, 23 CMR 120, wherein we were confronted with the law officer having become a witness for the prosecution following the findings, we remarked:

**577**

". . . Thus it is crystal clear that at the instant Major Vaughan became a prosecution witness, the tribunal was without a proper law officer and it ceased to be a court-martial for any purpose except to take the steps necessary to have itself reconstituted."

It will be noted that, in both cases cited, we dealt with "ineligibilities" set forth in Article 26(a), Code, supra, and, in each instance, we couched our disposition in language bespeaking a lack of jurisdiction in the court-martial concerned. What then are the cogent arguments presented by the Government which cause my brothers to depart from precedent in this area? Examination of the briefs filed in this case show no contentions that we have not heard before, nor, indeed, that were not specifically considered and rejected by the Supreme Court in McClaughry v Deming, supra. On the other hand, I am aware of a peculiarly strong argument for consistency in approach in this area. It is universally agreed that absence of jurisdiction renders the proceedings of a court-martial a nullity. See United States v Padilla, 1 USCMA 603, 5 CMR 31. Hence, a sentence purported to be adjudged by such a body does not operate as a limitation in the event the accused is again brought to trial. However, pretermitting consideration of intermediate appellate reduction, a sentence adjudged at the original trial represents the maximum which may be adjudged on any rehearing. United States v Jones, 10 USCMA 532, 28 CMR 98; Code, supra, Article 63, 10 USC § 863. Frequent shifts in our position concerning the jurisdictional effect of pretrial participation by the law officer, therefore, result in one accused being subjected to a new trial without any limitation concerning the sentence to be adjudged, while, as a result of our differing approach to the same problem when next presented, another accused receives the benefit of whatever lower limit of punishment is represented by the sentence initially imposed in his case. The inherent unfairness involved is apparent. Accordingly, I believe it particularly important that we adhere to the basic doctrine of *stare decisis* in determining whether a court-martial is properly constituted.

As I conclude that Congress, in Article 26(a), Code, supra, forbade the appointment as law officer of one who had previously acted as counsel in the same case, I am of the opinion that accused's court-martial was improperly constituted. McClaughry v Deming, supra; United States v Renton, supra; United States v Wilson, supra. Hence, it lacked jurisdiction over either the charge or the accused. Accordingly, I would answer the certified questions in the affirmative and return the record of trial to the board of review with a direction appropriately to amend their action thereon to order another trial.