# UNITED STATES, Appellee
### v
# RAYMOND G. BROY, Corporal, U. S. Marine Corps, Appellant

## 15 USCMA 382, 35 CMR 354

## No. 17,173

## May 14, 1965

*Lieutenant John Thomas Montag,* USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Charles B. Sevier,* USMC.

*Major Daniel F. McConnell,* USMC, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel D. E. Holben,* USMC.

QUINN, Chief Judge:

At a rehearing to determine his sentence, the accused challenged the qualifications of the law officer to sit in the case. The challenge was overruled. The correctness of the ruling is the subject of this appeal.

Brought to trial before a general court-martial convened at the Marine Corps Air Bases, El Toro, California, the accused entered a plea of guilty to thirteen specifications alleging the issuance of bad checks. He was sentenced to a bad-conduct discharge, confinement at hard labor for eighteen months, and accessory penalties. Except for reduction of the term of confinement, intermediate authorities affirmed. However, on review before this Court, the accused was granted a new trial on the sentence because his civilian counsel had not introduced before the court-martial available evidence which could "materially have influenced its deliberations on the kind and amount of punishment to impose upon the accused." United States v Broy, 14 USCMA 419, 428, 34 CMR 199.

A rehearing on the sentence was held on July 28, 1964. The appointed law officer was Lieutenant Colonel Thomas P. Casey. Colonel Casey had acted as law officer at the previous trial. The accused challenged him because of this "prior participation." Defense counsel expressly disclaimed any intention "to impugn the personal integrity" of the law officer, but he contended the prior participation at the first trial would "necessarily" influence the law officer in "any rulings that he will have to make." The law officer observed that the decision of this Court directing a rehearing of the sentence did not imply any criticism of his conduct at the first trial, and he was certain he could "make fair and impartial rulings on anything . . . presented . . . in this case." The challenge was not sustained.

In the civil courts, a judge may properly preside at the rehearing of a case tried originally before him. Craven v United States, 22 F2d 605 (CA 1st Cir) (1927), cert den, 276 US 627, 72 L ed 739, 48 S Ct 321 (1928). Recusation is generally predicated upon "personal bias," not previous exposure to the same or a similar question of law. 28 USC § 144; Gallarelli v United States, 260 F2d 259 (CA 1st Cir) (1958), cert den, 359 US 938, 3 L ed 2d 638, 79 S Ct 654 (1959). However, Congress subjected the law officer to challenge on grounds other than personal bias or prejudice. The Uniform Code of Military Justice, Article 26(a), 10 USC § 826, provides that a law officer is ineligible to act in a particular case if he "is the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case." The Manual for Courts-Martial, United States, 1951, establishes additional bases for challenge which are not directly related to personal bias or prejudice. Among these are that the law officer acted in the same case as legal officer to the convening authority, and "other facts" which indicate he should not sit "in the interest of having the trial . . . free from substantial doubt as to legality, fairness, and impartiality." *Id.*, paragraph 62*f*(11), (13). The Manual's examples of the latter ground for challenge include the fact that the law officer at a rehearing "was the law officer of the court which first heard the case." *Id.*, paragraph 62*f*(13).

The disqualifications established by the Uniform Code, supra, are self-operating; those provided by the Manual for Courts-Martial, supra, depend for their efficacy upon the particular circumstances of each case. United States v Bound, 1 USCMA 224, 2 CMR 130. See also United States v Law, 10 USCMA 573, 28 CMR 139. When the challenge is on the ground of previous action in the case, in a capacity other than that prohibited by the Uniform Code, supra, the question is whether the knowledge gained from, or the nature of, the prior participation would have "a harmful effect upon a right of the accused." United States v Fry, 7 USCMA 682, 686, 23 CMR 146.

During the sentence proceedings, the law officer continues to function in his regular capacity as final arbiter on matters of law. However, the area of his discretion is, in some respects, larger than that which he has in the proceedings on the merits. For example, in the sentence stage of the trial, he can "relax the rules of evidence." Manual for Courts-Martial, supra, paragraph 75c (1); United States v Strand, 6 USCMA 297, 306, 20 CMR 13. Although we doubt the probability of its occurrence in fact, in a particular case the accused might believe the law officer who presided at his first trial would be inclined to deny him the full measure of discretion because he resented the reversal, or because he did not want to accord the accused the opportunity to obtain a more favorable sentence than was imposed at the first trial. We have scrutinized the record of the first trial and that of the rehearing, and find no hint of any such attitude on the part of the law officer. Although we reversed the first sentence, we did so for reasons completely unassociated with the law officer. More than that, we alluded to the general alertness of the law officer as to the accused's rights. He was equally alert and sympathetic to those rights at the rehearing.

Over trial counsel's objection, the law officer allowed a defense witness to testify to a telephone conversation between the accused and another person. After both sides had rested, and trial counsel was in the midst of his sentence argument, the law officer granted defense counsel's request to reopen his case and present additional evidence. Overruling trial counsel's objection, he gave an instruction, as requested by defense counsel, on punishments that the court-martial could substitute for the bad-conduct discharge imposed at the first trial. Finally, he instructed the court-martial it could consider not only evidence of mitigation in existence before the first sentence, but also matters (i. e., attempted restitution) "subsequent to the first trial." It is worth noting that the court-martial adjudged a sentence which reduced the previous confinement of eighteen months to confinement for three months.

Nowhere in the proceedings does it appear it was inappropriate for the law officer to sit "in the interest of having the . . . proceedings free from substantial doubt as to legality, fairness, and impartiality." Manual for Courts-Martial, supra, paragraph 62f(13); United States v Hodges, 14 USCMA 23, 33 CMR 235. See also United States v Richmond, 11 USCMA 142, 28 CMR 366. Accordingly, we affirm the decision of the board of review.

Judges FERGUSON and KILDAY concur.