UNITED STATES, Appellee

v

ROBERT K. JARVIS, Private, U. S. Army, Appellant

22 USCMA 260, 46 CMR 260

No. 26,404

May 4, 1973

*Captain Howard M. Schmeltzer* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Gordon W. Hatheway, Jr.,* and *Captain Peter M. Davenport.*

*Captain M. Douglas Deitchler* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Stan L. Spangler,* and *Captain Richard L. Menson.*

DARDEN, Chief Judge:

In this case the accused was tried before the same military judge and defended by the same counsel who performed in a closely related case. In that case the defense tactic was to blame the accused. Our conclusion is that such a coincidence caused the accused in this case to be unacceptably handicapped in his defense.

On the night of April 1, 1970, two German policemen observed the accused and Private First Class Barry A. Levine in the process of robbing a German national. When the two soldiers left, the policemen approached the victim, confirmed their observations, and followed his assailants to a nearby tavern. When the accused and Levine left the tavern, the policemen approached with guns in their hands and attempted to apprehend them. The accused allegedly fired at the policemen, and both he and Levine fled. Subsequently, the policemen, accompanied by other officers, cornered them in a nearby street, and despite their resistance, took them into custody.

On August 7, 1970, charges against the accused and Levine were referred for a common trial by general court-martial. The two men requested trial by military judge alone, and on August 18 they were duly arraigned on the charges against them. Since only Levine chose to plead guilty, defense counsel moved to sever the accused's trial from that of Levine, and the motion was granted.

The trial proceeded on Levine's plea of guilty. During the providency inquiry, Levine implicated the accused, and the military judge treated Levine's guilt as being predicated on being an aider and abettor. A stipulation of fact not only established both men guilty of robbery and resisting apprehension but also disclosed that the accused had fired on the German police officers, an offense charged only against him. In mitigation, the defense called a witness who testified that Levine was the victim of circumstances and misled by the accused, of whom he was afraid. Levine testified to his fear of the accused, that the robbery was the accused's idea, and that accused had previously caused him to be involved in another crime. Levine was sentenced to a bad-conduct discharge, confinement at hard labor for 1 year, forfeiture of $100 per month for 12 months, and reduction. The military judge recommended suspension of the discharge and a part of the confinement. At the request of the defense counsel, the convening authority deferred the confinement part of Levine's sentence. In support of his request, counsel argued that the accused was the major actor in the offenses charged and wrongfully influenced Levine to participate in them.

On September 9, 1970, the accused, represented by the same defense counsel, was brought to trial before the same military judge who heard Levine's case. Counsel challenged the military judge for cause, as a result of his having presided at Levine's trial. The judge denied the challenge and stated his belief that he could judge the accused solely on the evidence admitted in the present case, disregarding what he had heard before. After the evidence was presented, the accused was convicted and sentenced to a dishonorable discharge, confinement at hard labor for 2½ years, total forfeitures, and reduction.

Appellate defense counsel contend that because the military judge presided in Levine's trial he became so familiar with the role of the accused in the case as to be disqualified to try the accused. Moreover, appellate defense counsel find considerable conflict between trial defense counsel's action in minimizing Levine's guilt at the first trial by depicting this accused as the principal actor in the offenses and his later representation of Jarvis. According to this view the combined effect of these errors was substantial-

ly to impair the fairness of the accused's trial.

In reply, the Government argues that the military judge's disclaimer was enough to counter any suggestion that his having presided at Levine's trial would have a lingering harmful effect on Jarvis. It "acknowledges that had the two court-martial proceedings not been severed and had counsel taken the same approach of trying to establish appellant as the principal actor and bad influence on Levine, it would then be necessary to concede that divided loyalties resulted in appellant's ineffective representation." Such a result is not required, the Government contends, when the proceedings are separate.

█ A military judge is not subject to challenge because he has presided in a closely related case, unless the circumstances are such that recusing himself is in the interest of having the trial "free from substantial doubt as to . . . legality, fairness, and impartiality." Paragraph 62f(13), Manual for Courts-Martial, United States, 1969 (Rev ed); see paragraph 62f(10), MCM, supra; United States v Broy, 15 USCMA 382, 35 CMR 354 (1965). Recusation in the civil courts is generally predicated on personal bias rather than previous exposures to the same issues. Gallarelli v United States, 260 F2d 259 (1st Cir 1958), cert denied, 359 US 938, 3 L Ed 2d 638, 79 S Ct 654 (1959). We see no reason why the same principle should not apply to the challenge of military judges, even though they have exercised their fact-finding functions in both trials. See Manual, supra, paragraph 63f(10). In some cases, the record may reflect that judges have expressed enough in one proceeding to give an accused the impression that his guilt in another has already been determined. Cf. United States v Crider, 21 USCMA 193, 44 CMR 247 (1972). But, in such instances, at the trial level voir dire should expose a ground for challenge and result either in the assignment of a new military judge to hear the case or, in the event of denial of the challenge, appellate reversal. United States v Broy, supra.

Since the challenge by trial defense counsel in this case was for nothing more than the military judge's having presided over Levine's trial, we would ordinarily give effect to the judge's disclaimer of bias or prejudgment and hold the assigned error to be without merit. Cf. United States v Montgomery, 20 USCMA 35, 42 CMR 227 (1970). But this is not the ordinary case. The parties agree that in Levine's trial, the defense counsel proved that the accused was the principal actor in the offenses and that his bad influence led Levine to participate in them. The Government acknowledges that the defense counsel's portrayal of one of his clients as the principal malefactor in order to establish the lesser degree of culpability of the other would amount to ineffective representation of the accused if the two men had been tried together. See United States v Faylor, 9 USCMA 547, 26 CMR 327 (1958). When both trials are conducted before the same judge alone within a relatively short period of time, distinction between separate and joint proceedings become almost imperceptible.

█ The accused was entitled to be tried before an impartial judge and to the undivided loyalty of his counsel. United States v Villa, 19 USCMA 564, 42 CMR 166 (1970); United States v Lovett, 7 USCMA 704, 23 CMR 168 (1957); ABA Code of Professional Responsibility, Canon 5. We conclude that the combination of circumstances in this case infringed the accused's rights. In the first trial, the defense counsel understandably attempted to minimize Levine's guilt by depicting Jarvis as the instigator of the crimes and one who had influenced Levine to violate the law. The effectiveness of his representation of Levine is demonstrated by the sentence in that case and the military judge's recommendation that both the bad-conduct discharge and some of the confinement be suspended. In the second trial, the same counsel faced a judge who had already considered

and apparently accepted the accusations counsel had earlier leveled at this appellant. Recognition of the difficult situation in which counsel found himself is implicit in the challenge that he asserted aganst the military judge. Informing the accused of the conflict of interest that had arisen and having secured the appointment of other counsel to represent him would have been a more fitting remedy. Manual for Courts-Martial, supra, paragraph 48c.

The cumulative effect of the denial of the challenge and the failure to obtain other representation for the accused was to deny him a fair trial. Lollar v United States, 376 F2d 243 (DC Cir 1967); Sawyer v Brough, 358 F2d 70 (4th Cir 1966). While our decision is not meant to asperse the integrity of counsel or the military judge, we nonetheless consider that Jarvis has a right to be tried in a different arrangement.

The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judges QUINN and DUNCAN, concur.