UNITED STATES, Appellee

v

TERRYLEE P. AIRHART, Interior Communications Technician
Third Class, U. S. Navy, Appellant

No. 27,953

June 14, 1974

*Captain David A. Higley,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Joseph Evans O'Leary,* JAGC, USNR.

*Lieutenant Christopher H. Mills,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,* USMC.

## OPINION OF THE COURT

QUINN, Judge:

The issue on this appeal is whether the trial judge should have recused himself.

Charged with conspiracy to damage the main propulsion motor of the U.S.S. *Aeolus* and with damage to other equipment of the ship, the accused elected to be tried by a military judge sitting as a general court-martial without court members. In the course of its case, the Government offered into evidence a 10-page transcript of testimony by the accused at the earlier trial of an alleged co-conspirator, Fireman Donald R. Lawrence. Defense counsel objected to admission of the testimony on the ground, among others, that the transcript was not authenticated. Responding to the objection, the prosecutor indicated that he had excerpted the testimony from the transcript of the Lawrence case, which had been completed 4 days earlier but had not yet been authenticated; that he had given a copy of the "entire record" to accused's counsel; that he had been trial counsel in the Lawrence case and as such, and as "an officer of this court," he certified that he had read the proferred extract and "believe[d] it to be an authentic verbatim record" of accused's testimony in the Lawrence case. Trial counsel further indicated he was aware of the provisions of paragraph 145*b*, Manual for Courts-Martial, United States, 1969 (Rev.), as a means of presenting evidence of former testimony and that in accordance therewith he could call the reporter who recorded the accused's testimony at the Lawrence trial to testify to it, but he was "reluctant" to do so if there was any other way because the reporter was "needed for transcription of this case" and a companion case that was to follow. He observed that as the judge had presided at the Lawrence trial, he believed that the judge could "read that document . . . and see for . . . [himself] whether it is an accurate representation of the testimony" given by the accused.

After extended argument on the various grounds of the defense objection, the following occurred:

MILITARY JUDGE: Very well. I'm sure the defense is aware of the fact that, as was mentioned, I was the judge at the previous trial in question, that of Lawrence, and clearly I, too, heard the accused give certain testimony. The question is now raised as to the authentication in some manner of the entry into evidence of that testimony. I'm sure the defense is also aware that it may challenge the military judge at any time for whatever reason that it deems appropriate. I would assume, not hearing any challenge, that the defense has not seen fit to—

DETAILED DEFENSE COUNSEL: The defense has no challenge of the military judge, Your Honor.

The record does not indicate that the defense withdrew its objection to the absence of authentication of the writing. After a recess, during which the judge read the extract of accused's testimony, he admitted it into evidence, without specifically ruling on the objection to lack of authentication. Later, the trial was continued for several days. When it was resumed, the accused changed his plea to the conspiracy charge from not guilty to guilty. After inquiry into the accused's understanding of the plea and its consequences, the judge accepted the plea. He convicted the accused of the conspiracy offense, but acquitted him of the willful damage charge.

■ Article 26(d), Uniform Code of Military Justice, 10 USC § 826(d), disqualifies a judge from acting in a case if he is "a witness for the prosecution." Authentication of a record or document constitutes the certifying authority "a witness . . . even if he does not testify in person." MCM, paragraph 63; United States v Wilson, 7 USCMA 656, 23 CMR 120 (1957); United States v Moore, 4 USCMA 675, 16 CMR 249 (1954). Although the judge did not specifically indicate that he authenticated the prosecution exhibit, the unavoidable inference from trial counsel's argument, the judge's own remarks, and his reading of the testimony prior to his ruling, is that he overruled the defense objection because he personally could attest to the accuracy of the transcript of the accused's testimony at the Lawrence trial. When the record is

silent as to the reason for a ruling by the judge, it properly can be inferred that the reason was that urged by the party favored by the ruling. *Grande v General Motors Corporation,* 444 F2d 1022, 1026 (7th Cir. 1971). Consequently, implicit in the ruling is that the judge authenticated the transcript. He thereby became a witness for the Government.

 Eligiblity to act ends "the instant" the judge testifies as a witness for the Government. *United States v Wilson,* supra at 660, 23 CMR at 124. However, the ineligibility can be waived by the defense. *United States v Law,* 10 USCMA 573, 28 CMR 139 (1959); *United States v Beer,* 6 USCMA 180, 19 CMR 306 (1955). Government counsel contend that waiver occurred here.

 To effect waiver of a ground of disqualification, the disqualification "must be cast aside with full knowledge of . . . [its] existence." *United States v Wilson,* supra at 661, 23 CMR at 125. As we read the record, defense counsel made that kind of informed and deliberate choice. True, no direct statement as to ineligibility of the judge was made by the judge or any of the lawyers, but the casual relationship between certification and disqualification was raised.

In reviewing the alternatives for authentication and the practical difficulties incident to each, assistant trial counsel pointed out that if he called the court reporter who recorded the accused's testimony in the Lawrence case to authenticate the transcript, he "would not be available . . . [for] further participation in this case" and the succeeding one. Trial counsel may have been mistaken as to the reporter's disqualification, *cf.* MCM, paragraph 7; *United States v Moeller,* 8 USCMA 275, 24 CMR 85 (1957), but his comments alerted the judge and defense counsel to the connection between authentication and continued participation in the case. Certainly, the judge's remarks demonstrate that he was aware of, and understood, the relationship.

The judge's reference to his participation in the Lawrence case cannot, as the defense argues, be construed merely as a second reminder to defense counsel that he had also been the judge in that case.

The matter of his role in the Lawrence case had been raised during the regular challenge procedure, and defense counsel had expressly disclaimed any desire to challenge the judge by reason thereof. See *United States v Jarvis,* 22 USCMA 260, 46 CMR 260 (1973). Thus, recall of the judge's role in the Lawrence case appears not as a reminder to defense counsel of that fact, but as a matter affecting admissibility of the proferred exhibit. As the judge put it, the question was "authentication in some manner" of the transcript of the accused's testimony. As to that question, his comment, "clearly I, too, heard the accused give certain testimony," implicitly indicates that he, like the reporter, heard the accused's testimony at the Lawrence trial and could certify the correctness of the proferred exhibit. The implication might have been explicit had defense counsel not interrupted to say that he did not want to challenge the judge. The interruption emphasizes defense counsel's eagerness to eliminate any basis of objection to the judge's continued participation in the case. There were excellent reasons, in fact, for the defense to want the judge to remain in the case. The accused had requested trial by the judge alone, and earlier in the trial, the judge had refused to allow the accused to plead guilty to a "nonoffense;" had rejected a plea of guilty to the willful damage charge because that plea was inconsistent with the accused's account of his role in the transaction; and had refused to accept a proposed stipulation of fact because it "comes so close to a complete confession."

The inescapable conclusion from trial counsel's review of the alternatives to establish the admissibility of the accused's testimony, the judge's remarks, and defense counsel's response is that defense counsel, like the trial judge, knew he could challenge the judge if he personally authenticated the exhibit, but he affirmatively did not want to do so because he wanted the judge to continue to act in the case. *United States v Law,* supra. Accordingly, we affirm the decision of the Court of Military Review.

Chief Judge DUNCAN concurs.

Senior Judge FERGUSON concurs in the result.