UNITED STATES

v.

**Staff Sergeant Larry J. GRIFFIN, FR 505–70–1893 Headquarters, 52d Combat Support Group United States Air Forces in Europe.**

**ACM 21876.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 April 1975.

Decided 9 Feb. 1976.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner, Major Byron D. Baur and Captain Martin F. McAlwee, USAFR. Appellate counsel for the United States: Colonel C. F. Bennett and Colonel Julius C. Ullerich, Jr.

## DECISION

FORAY, Judge:

Upon trial by general court-martial with members, the accused was found guilty, contrary to his pleas, of three drug offenses involving possession of marihuana, cocaine, and methamphetamine, in violation of Articles 92 and 134, 10 U.S.C. §§ 892, 934, Uniform Code of Military Justice. The approved sentence extends to bad conduct discharge, confinement at hard labor for twelve months, forfeiture of all pay and allowances, and reduction to the grade of airman basic. The 3320th Retraining Group, Lowry Air Force Base, Colorado, was designated as the place of confinement for immediate entry into the retraining program.

Appellate defense counsel submit five assignments of error for our review. One of the errors merits our consideration. The other issues raised have been either adequately discussed in the review of the staff judge advocate or are without merit and further discussion of them is deemed unnecessary.

The error we find meritorious asserts:
DISCLOSURE TO THE COURT MEMBERS BY THE MILITARY JUDGE OF IMPEACHING EVIDENCE RESULTED IN THE MILITARY JUDGE BECOMING A WITNESS FOR THE PROSECUTION, AND THE MILITARY JUDGE'S CONTINUED PARTICIPATION AT TRIAL RENDERED THE COURT-MARTIAL PROCEEDINGS JURISDICTIONALLY VOID.

A brief discussion of the pertinent facts adduced at the trial of this case is necessary to place the error in the proper perspective.

On 5 January 1975, the accused was driving his vehicle from Amsterdam The Netherlands, to Spangdahlem Air Base, Germany. Along with the accused, as a passenger in the vehicle, was a sergeant named Robert J. Nidever. During the early morning hours of that day, German Customs officials stationed at a Germany-Netherlands border crossing point at Waldfeucht, Germany, caused the accused's vehicle to stop and they, thereafter, searched the vehicle, the accused, and the passenger. The search of the vehicle revealed that marihuana and cocaine had been secreted behind the cushion of the rear seat. The search of the accused's person revealed a small amount of foil-wrapped methamphetamine contained in his wallet. The drugs were seized by the customs officials and delivered to American military criminal investigation authorities. The latter's investigation into the matter culminated in charges against the accused of which he now stands convicted.

At trial, after the prosecution rested its case, the accused called Sergeant Nidever as his witness. After some introductory and preliminary questions, Sergeant Nidever was asked by defense counsel, "Is it not a fact . . . that you and you alone placed the drugs in the automobile?" Sergeant Nidever declined to furnish an answer to the question "under the rights of Article 31." A session was then held without the presence of the court members.[1] There, the military judge determined that the witness was not going to answer any questions concerning the area indicated by the trial defense counsel's quoted question and that he would rely upon his right

---

1. Article 39(a), *Code, supra.*

against compulsory self-incrimination.[2] Trial defense counsel then announced he had no further desire to examine the witness. This session was terminated and the court recessed for almost two hours.

When the court-martial reconvened, another session without the presence of the court members was called to order. At this hearing, trial counsel declared that the general court-martial convening authority had granted immunity from trial to Sergeant Nidever with regard to any testimony he may give in the case against the accused. The arrangements for this grant of immunity presumably were initiated by the trial counsel during the relatively long prior recess of the trial proceedings. When questioned by the military judge, Sergeant Nidever indicated he was then prepared to testify concerning events which occurred on the date of the offenses charged against the accused. The trial defense counsel stated he had no further questions and contended that since the trial counsel "procured" the grant of immunity for the witness to obtain his necessary testimony, the witness should be considered a Government witness. The military judge rejected the contention indicating that trial defense counsel had previously asked the witness sufficient preliminary questions to allow the trial counsel the opportunity to cross-examine the witness as to those matters elicited prior to the witness asserting his Article 31 privilege.

When the trial resumed before the court members, the trial counsel began his cross-examination of Sergeant Nidever. In our view, the desired result of cross-examination of an adverse witness did not obtain in this case. Instead, trial counsel elicited testimony from the defense witness which tended to show that he alone was responsible for the presence of those drugs which were found in the accused's vehicle by the German Customs officials on 5 January 1975. The testimony of Sergeant Nidever in response to trial counsel's inquiries, it appears, was probably substantially that

which was sought to be elicited by trial defense counsel upon his direct examination of the witness.

After the defense rested its case, and while in the presence of the court members, the trial counsel requested the military judge to inform the court members of the contents of an appellate exhibit which were the terms of the grant of immunity from trial to Sergeant Nidever. Trial defense counsel signified the inappropriateness of such a revelation and requested the point be discussed out of the presence of the court members.[3] The military judge's response was that the hearing was not necessary and he then proceeded to inform the court members that Sergeant Nidever had testified pursuant to a grant of immunity. Later in the trial and during another hearing out of the presence of the court members, trial defense counsel registered his objection to the military judge's announcement to the court members concerning the immunity granted to the witness. It was this statement that appellate defense counsel claim made the military judge a witness for the prosecution and, thus, disqualified him from further participation in the trial proceedings.

Our initial inquiry into the merits of the assigned error we discuss directs us to Article 26(d), *Code*, supra. The Article provides:

No person is eligible to act as a military judge in a case if he is the accuser or a witness for the prosecution or has acted as investigating officer or a counsel in the same case.

Should the military judge become a witness for the prosecution at any stage of the trial, he shall, before qualifying as a witness, be relieved from further participation as military judge in the case. It would be the nature and character of his testimony which would determine whether the military judge is to be considered a witness for the prosecution. Manual for Courts-Martial, 1969 (Rev.), paragraph 63. That the

---

**2.** Article 31, *Code*, supra.

**3.** At this stage in the trial, the court members were not aware of the grant of immunity to the witness.

military judge will be a witness for the prosecution is a ground for challenge for cause against him. Manual for Courts-Martial, supra, paragraph 62*f*(4). It is not necessary that the military judge be called by the prosecution for him to be considered a witness for the prosecution. He also may become a witness for the prosecution by virtue of his actions and conduct as well. *United States v. Spence*, 49 C.M.R. 189 (A.C.M.R. 1975). See *United States v. Wilson*, 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957).

 The factors established by Article 26(d), Code, supra, disqualifying a military judge from acting further in a case are self-operating. *United States v. Broy*, 15 U.S.C.M.A. 382, 35 C.M.R. 354 (1965). Once the military judge testifies as a witness for the prosecution his eligibility to further act in the same case ends at that instant.[4] However, the defense may waive such disqualification and the military judge may continue to act in the case. The waiver of this ground for disqualification will not have effect unless it is the result of an informed and deliberate choice on the part of the defense and so demonstrated in the record of trial. *United States v. Airhart*, 23 U.S.C.M.A. 124, 48 C.M.R. 685 (1974); *United States v. Wilson*, supra.

We next examine the statement made by the military judge in this case which informed the court members that Sergeant Nidever testified pursuant to a grant of immunity from trial to determine whether the statement established the military judge as a witness for the prosecution.

 There are certain matters which may be presented before a court-martial to assist it in determining the worthiness of belief of any witness testifying before it. Impeachment is a process ordinarily employed upon cross-examination in an attempt to diminish the credibility of a witness testifying at trial. Manual for Courts-Martial, supra, paragraphs 149*b*(1) and 153 *a*. One important circumstance which strongly affects a witness's worthiness of

belief is that he has been granted immunity from trial for his testimony. *United States v. Webster*, 1 M.J. 216 (1975); *United States v. Nelson*, 23 U.S.C.M.A. 258, 49 C.M.R. 433 (1975). See *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931).

Both trial counsel and the author of the staff judge advocate's review in this case recognized the impeachment value of the fact that Sergeant Nidever testified pursuant to a grant of immunity. During his argument prior to findings, trial counsel, in urging the court to disregard the evidence elicited by him during his cross-examination of Sergeant Nidever, stated:

> Sergeant Nidever came in under a grant of immunity. That means, very simply, gentlemen, everything he said there cannot be used against him. That man got on the stand today, tried to tell you a story which was pure [sic] and simply a lie. That's all it was. Pure [sic] and simply a lie, to get a buddy off who was in trouble, knowing full well that he cannot be prosecuted for it.

In the review of the staff judge advocate the convening authority was furnished the following advice:

> The fact that a witness has been granted or promised immunity does not make him incompetent as a witness, but the matter goes to the witness' credibility. (Citations omitted). Since the court members, as triers of the facts, have the responsibility of judging the credibility of the witnesses, the fact that Sergeant Nidever testified under a grant of immunity was a proper factor for them to consider.

 The foregoing convinces us that the military judge became a witness for the prosecution when he announced to the court members that Sergeant Nidever was granted immunity. This announcement was tantamount to impeachment evidence affecting

---

4. Manual for Courts-Martial, supra, paragraph 39*e*, contains the procedures for replacing the military judge during the progress of a trial.

Sergeant Nidever's credibility as a witness and could only operate to the prejudice of the accused. Prior to the military judge's statement to the court members, neither trial counsel nor trial defense counsel elicited this impeachment evidence from Sergeant Nidever or any other witness appearing at the trial. Under the circumstances of this case, where the trial counsel elicited evidence favorable to the accused and then later, by argument, attempted to convince the court members the same evidence should be regarded as a fabrication, the impropriety of the military judge's complained of action is made especially manifest. He was disqualified from acting further in the case as the military judge at the instant he informed the court members of the status of Sergeant Nidever as a witness with immunity from trial. *United States v. Airhart*, supra; *United States v. Wilson*, supra; Article 26(d), Code, supra; Manual for Courts-Martial, supra, paragraphs 62*f* (4) and 63.

■ We recognize that the trial defense counsel did not protest the military judge's action in the specific terms of a challenge for cause based on the ground the military judge became a witness for the prosecution. He did, however, request a hearing out of the presence of the court members to discuss the propriety of advising the court members of Sergeant Nidever's status as a witness as had been suggested by the trial counsel. Further, after the defense request was summarily denied by the military judge, the trial defense counsel did register his objection as to the court members being advised regarding the grant of immunity given to Sergeant Nidever. The action taken by trial defense counsel concerning this issue militates against a finding by us of any waiver of the military judge's disqualification resulting from an informed and deliberate choice on the part of the defense. *United States v. Airhart*, supra; *United States v. Wilson*, supra.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

LeTARTE, Chief Judge, and EARLY, Judge, concur.

TO THE HONORABLE, THE JUDGES OF THE UNITED STATES COURT OF MILITARY APPEALS:

1. Pursuant to the Uniform Code of Military Justice, Article 67(b)(2), the record of trial and the decision of the United States Air Force Court of Military Review, in the above-entitled case, are forwarded for review.

2. The accused was tried by a general court-martial on 15 and 16 April 1975, at Spangdahlem Air Base, Germany, on specifications alleging wrongful possession of marihuana and of cocaine in violation of Article 134 and alleging violation of a general order by possessing a dangerous drug, methamphetamine, in violation of Article 92. Despite his pleas of not guilty, he was convicted of all three specifications and was sentenced to a bad conduct discharge, confinement at hard labor for twelve months, forfeiture of all pay and allowances, and reduction to airman basic. On 18 April 1975, the portion of the sentence relating to confinement was deferred. On 1 July 1975, the convening authority approved the sentence and rescinded the deferment. The Air Force Court of Military Review, on 9 February 1976, set aside the findings and sentence, with leave to order a rehearing.

3. It is requested that action be taken with respect to the following issues:

I. "WAS THE COURT OF MILITARY REVIEW CORRECT IN HOLDING THAT THE MILITARY JUDGE BECAME A WITNESS FOR THE PROSECUTION AND WAS DISQUALIFIED FROM FURTHER PARTICIPATION IN THE CASE?"

II. "WAS THE CONVENING AUTHORITY DISQUALIFIED FROM ACTING ON THE CASE ON THE GROUNDS THAT HE HAD GRANTED IMMUNITY TO A DEFENSE WITNESS?"

Receipt is hereby acknowledged of a copy of the foregoing Certificate of Review on this *24th* day of February 1976.