UNITED STATES, Appellee

v

GERALD G. HURT, Private First Class,
U. S. Army, Appellant

8 USCMA 224, 24 CMR 34

No. 9687

Decided September 6, 1957

*Captain John F. Christensen* argued the cause for Appellant, Accused.
*Captain Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Thomas J. Newton*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

At the outset of the accused's trial by general court-martial, a court member disclosed that he had acted as counsel for the accused at the pretrial investigation. The disclosure was made as follows:

"TC: If any member of the court or the law officer is aware of any facts which he believes may be a ground for challenge by either side against him, he should now state such facts.

"CAPT. THOMPSON A. LYON, JR: I was the pretrial counsel for the accused.

"TC: For the accused?

"DC: That's correct. We have no objection to the member sitting on the court.

"LO: Have you formed any opinion as to the guilt or innocence of the accused?

"CAPT. LYON: I have not."

At the end of the statement, defense counsel challenged one court member for cause and another peremptorily. The accused was then arraigned and entered a plea of guilty to six specifications alleging the larceny of clothing. It is now contended that he was prejudiced by the retention on the court of the member who had acted as his counsel during the pretrial investigation.

Article 25(d)(2) of the Uniform Code of Military Justice, 10 USC § 825, provides that no person is eligible to sit as a court member when he is "the accuser or a witness for the prosecution or has acted as investigating officer or as counsel in the same case." Unquestionably, therefore, the court member who previously acted as the accused's counsel was disqualified. However, the disqualification of a court member can be waived. United States v Beer, 6 USCMA 180, 19 CMR 306; United States v Moore, 4 USCMA 675, 16 CMR 249. The accused argues that waiver is inapplicable here because public policy prohibits a counsel who has once acted for a client from thereafter acting in any capacity which is incompatible with his duties toward his client. United States v Lovett, 7 USCMA 704, 23 CMR 168; United States v Green, 5 USCMA 610, 18 CMR 234. Article 25 does not differentiate the separate grounds of disqualification in any way, and we are not persuaded that one basis for disqualification should be considered differently from the others. We conclude, therefore, that each of the enumerated grounds of disqualification is governed by the same rules. Our problem then is to determine whether the court member's disqualification was, in fact, waived.

An "uniformed failure to act" by way of interposing an appropriate challenge does not amount to the waiver of a statutory ground of disqualification. United States v Wilson, 7 USCMA 656, 23 CMR 120; United States v Bound, 1 USCMA 224, 2 CMR 130. More than mere silent acquiescence is required; it must appear that there was "an intelligent and conscious waiver of any right to question the member's eligibility to participate." United States v Beer, supra, page 184. The record of the pretrial proceedings shows that the accused expressly requested the court member to represent him as counsel. It is reasonable to assume, therefore, the accused believed that he would obtain some benefit or advantage from his personally selected counsel which he would not have if he merely requested counsel and left the choice to the convening authority. Defense counsel at the trial was obviously aware of this special situation because he immediately agreed with the member's statement of his previous connection with the case. Under the circumstances, we conclude that both he and the accused were not simply satisfied to have the member sit, but affirmatively wanted him to sit. This is the

essence of waiver, not that of unknowing acquiescence. We hold, therefore, that the accused waived the court member's disqualification.

The decision of the board of review is affirmed.

Judges LATIMER and FERGUSON concur.