**326**

UNITED STATES, Appellee,

v.

Steven A. MILLER, Private, U. S. Marine Corps, Appellant.

No. 33,417.

NCM 76–1765.

U. S. Court of Military Appeals.

Aug. 22, 1977.

1. On appeal the parties have assumed that the Major J. C. James who was appointed as a member of the court was the same officer who

*Commander A. W. Eoff, II*, JAGC, USN, argued the cause for Appellant, Accused.

*Lieutenant Steven D. Moore*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel P. N. Kress,* USMC, and *Lieutenant Commander N. P. DeCarlo*, JAGC, USN.

Opinion of the Court

COOK, Judge:

In accordance with his pleas the appellant was convicted of numerous offenses by a special court-martial consisting of a military judge alone. We granted review to determine whether, under the unique circumstances of this case, that court-martial lacked jurisdiction.

The facts giving rise to the granted issue are not in dispute. Charges were referred to a special court-martial to which three persons, including Major J. C. James, were appointed as members. Both the appointing and referral orders were signed by Lieutenant Colonel W. M. Winoski. Appellant entered into a pretrial agreement on March 12, 1976, and this agreement was signed by Major J. C. James as the convening authority. Trial was held on the same date, and pursuant to accused's request, such trial was before a military judge alone. On March 17, 1976, the confinement portion of the appellant's sentence was deferred by Major James. The final convening authority's action was signed by another officer on May 21, 1976.

Thus, although Major James was detailed as a member of the special court-martial, he acted in the capacity of a convening authority by approving the pretrial agreement.[1] On appeal, the appellant submits that Major James was ineligible to serve as a court member. As there were only three members detailed to the court, appellant reasons there was a jurisdictional defect. We disagree with the argument.

acted as the convening authority; we make the same assumption for the purposes of this appeal.

While appellant correctly observes that by acting as the convening authority, Major James could have been challenged for cause, paragraph 62*f*(11), Manual for Courts-Martial, United States, 1969 (Revised edition), the mere presence of a disqualified member on a court is not a jurisdictional defect. *See United States v. Hurt,* 8 U.S.C.M.A. 224, 24 C.M.R. 34 (1957); *United States v. Beer,* 6 U.S.C.M.A. 180, 19 C.M.R. 306 (1955); *see generally United States v. Law,* 10 U.S.C.M.A. 573, 28 C.M.R. 139 (1959). Rather, the defect is cured by challenging and removing such a member and when the court is reduced below a quorum, additional members may be detailed. Paragraph 62*c*, MCM. Thus, the possibility that a court may be reduced below a quorum of members by challenges does not, as appellant submits, present a jurisdictional defect.

The decision of the United States Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.