## UNITED STATES

v.

**Ronald C. KIMBALL, 004 42 4189, Gunnery Sergeant (E–7), U. S. Marine Corps.**

**NMCM 81 1199.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 9 Oct. 1980.

Decided 26 March 1982.

LT Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and MALONE, JJ.

GLADIS, Senior Judge:

The accused was convicted by a general court-martial composed of officer and enlisted members of signing an official record he knew to be false with intent to deceive (thirteen specifications), willfully suffering military property, *i.e.,* records, to be lost (two specifications), and larceny (fifteen specifications), in violation of Articles 107,

108, and 121, Uniform Code of Military Justice, 10 USC §§ 907, 908, and 921. He was sentenced to a bad-conduct discharge. The convening authority approved the sentence.

The accused contends on appeal that the court-martial lacked jurisdiction because the enlisted members were from his unit, that he was prejudiced by trial counsel's inflammatory argument on sentence, and that an unsuspended bad-conduct discharge is inappropriate. We disagree and affirm.

### Enlisted Members

■ The enlisted members were from Headquarters and Headquarters Squadron, Marine Corps Air Station, Beaufort, South Carolina, the unit to which the Government concedes the accused was assigned for temporary additional duty in connection with the court-martial proceedings.[1] The accused and his defense counsel purported at trial to affirmatively waive any objection to the enlisted members from the same unit. (R. 101–103).

In its most recent pronouncement on the subject this Court held that disqualification of enlisted members because they are from the same unit as the accused is not a jurisdictional defect. A conscious and intelligent failure to object at trial waives any later objection to the composition of the court in this regard. *United States v. Tagert*, 11 M.J. 677 (N.M.C.M.R.1981). *Accord United States v. Scott*, 25 C.M.R. 636 (A.B. R.1957). *See United States v. Miller*, 3 M.J. 326 (C.M.A.1977) (the mere presence of a disqualified member on a court is not a jurisdictional defect).

This holding is contrary to dicta expressed by this court in *United States v. Brown*, 10 M.J. 589 (N.C.M.R.1980); *United States v. Timmons*, 49 C.M.R. 94 (N.C.M.R. 1974); *United States v. Cook*, 16 C.M.R. 404 (N.B.R.1954); and *United States v. Bailey*, No. 76 0786 (N.C.M.R. 30 December 1976) (unpublished) and to the holding of the Air Force Court in *United States v. Anderson*, 10 M.J. 803 (A.F.C.M.R.1981). Finding the rationale of *Tagert* and *Scott* to be not only persuasive, but also in accord with *Miller, supra*, we adhere to the holding in these cases and reject our previous dicta. Therefore, we conclude that here where the accused and his defense counsel purported at trial to waive any objection to the enlisted members on the ground that they were from the same unit as the accused, he will not be permitted to challenge the composition of the court in this regard on appeal.

### Sentencing Argument

■ Defense counsel did not object at trial to trial counsel's argument on sentence. *See United States v. Ruggiero*, 1 M.J. 1089, 1100 (N.C.M.R.1977). In the light of the military judge's cautionary instructions, we find that the accused was not prejudiced by trial counsel's argument.

### Appropriateness of Sentence

■ The accused contends that an unsuspended bad-conduct discharge is inappropriately severe. We disagree. Although his record reflects many years of excellent service, the serious offenses of which he stands convicted occurred over a period of almost 6 months. He flagrantly betrayed the special trust reposed in him as a gunnery sergeant. On the basis of the entire record, including the extensive evidence in extenuation and mitigation, we find the approved sentence to be appropriate.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Judge BYRNE concurs.

---

1. The accused was not ordered to the Squadron, did not report to it, and apparently was not carried on the Squadron unit diary at the time of his trial. Trial counsel stated that the accused had been ordered to the Marine Corps Air Station. The military judge and the defense counsel believed that all personnel assigned to the Station were assigned to the Squadron. Defense counsel stated the accused had been ordered to report to the Law Center at the Air Station. The judge doubted whether the accused was a member of the Squadron, but found a waiver if he was. We have some doubt as to whether the accused was assigned temporarily to the Squadron, but do not decide the case on this ground.

MALONE, Judge (concurring opinion):

From my reading of the record of trial, I cannot doubt that the enlisted court members were not members of the same unit as the accused. I arrive at this conclusion based upon facts stated in appellant's brief and the following colloquy:

TC: Last evening after we adjourned the court, I talked to the Law Center Director about this problem. Gunny KIMBALL has been sent TAD to the Air Station, not to H&HS. He is not properly a member of H&HS. Further, besides that, the fact that he was permanently attached to Headquarters Marine Corps, this has been discussed with the defense counsel prior to seating the members. We saw no objection.

MJ: Okay. From the common sense point of view, I see no problem at all because the rule is there to prevent enlisted personnel of the same rank or junior rank from the same unit or even senior in rank from the same unit sitting in judgment. Apparently the drafters of the code felt that this was not a good idea and, of course, it makes some sense. But we have an entirely different situation here. From the common sense point of view, I have no problem but let's talk about the technicalities. I think that's really what we have to worry about. You say his is technically—you see the charge sheets says Headquarters and Headquarters Squadron. He's technically TAD to the Air station?

TC: Yes, sir.

MJ: When he checks in, isn't Headquarters and Headquarters Squadron the place that he would check in?

. . . .

MJ: Captain [M], do you have any idea?

DC: . . . I would say Gunnery Sergeant KIMBALL, number one, has not checked into Headquarters and Headquarters Squadron.

MJ: Has not?

DC: Has not, sir. His orders did not require a check in. His orders were to report to the Law Center at the Air Station.

MJ: So technically, he's not even a member of . . . .

DC: So technically, he's not even a member of the Air Station . . . .

MJ: He's just physically here pursuant to order issued at Headquarters Marine Corps?

DC: Yes, sir . . . . He didn't report to anyone. He's been ordered to this area to stand trial by court-martial . . . .

. . . .

MJ: Well, I think technically, the accused is really not a member of Headquarters and Headquarters Squadron anyway, which gets around the problem . . . .

(R. 101–103.)

For the purposes of attendance at his Article 32 investigation, appellant received TAD orders from Headquarters Marine Corps which resulted in his being carried on the rolls of Headquarters and Headquarters Squadron from 14 through 25 June 1980. Attachments 2 and 3, Appellant's Brief. As appellant has provided no proof of his subsequent attachment to the rolls of Headquarters and Headquarters Squadron for the duration of his court-martial held 8 and 9 October 1980 and by the admissions of trial defense counsel that his client was not a member of that unit (R. 102), I can only conclude, as did the military judge, that appellant was not a member of the same unit as those enlisted members who sat in judgment of his sentence.

Thus, the foregoing is dispositive of the issue of ineligible enlisted members sitting on appellant's court. For these reasons, I concur in the results reached by my colleagues on this issue and join them in their opinion of the remaining issues.