UNITED STATES, Appellee,

v.

Specialist Five Henry WILSON, SSN
587–62–7108, United States
Army, Appellant.

CM 442127.

U. S. Army Court of Military Review.

21 June 1983.

Colonel Edward S. Adamkewicz, Jr.,
JAGC, Major Raymond C. Ruppert, JAGC,
Major James F. Nagle, JAGC, and Captain
James S. Currie, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant
Colonel John T. Edwards, JAGC, Major Michael R. Smythers, JAGC, Captain Richard
P. Laverdure, JAGC, and Captain Charles
S. Arberg, JAGC, were on the pleadings for
appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Appellant was convicted, contrary to his plea, of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (1976). He was sentenced to a dishonorable discharge, confinement at hard labor for five years, forfeiture of $300.00 pay per month for five years, and reduction to the grade of Private E–1. The convening authority approved the sentence.

Appellant was tried on 24 November 1981 pursuant to three court-martial convening orders. Court-Martial Convening Order Number 371 detailed enlisted members "for the trial of Specialist Five Henry Wilson, 587–62–7108, United States Army, Headquarters Company, 2d Battalion, 30th Infantry, 3d Infantry Division, APO New York 09033." Among those detailed was "MSG JOSEPH D. BLACKSTONE, [SSN], HHC, 2d Bn, 30th Inf., APO 09033." Master Sergeant (MSG) Blackstone's assignment status apparently went unnoticed until after the conclusion of appellant's trial.[1]

Appellant now contends that the court-martial which tried him was without jurisdiction over him because one of the enlisted court members was a member of the same unit as he. Article 25(c)(1), UCMJ, 10 U.S.C. § 825(c)(1), provides in part, "Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member ..." Article 25(c)(2) defines a unit as "any regularly organized body as defined by the Secretary concerned, but in no case may it be a body larger than a company, squadron, ship's crew, or body corresponding to one of

them."[2] Appellant's contention raises two distinct issues: (1) Was MSG Blackstone "a member of the same unit as the accused" as that phrase is used in Article 25(c)(1), UMCJ, and (2) Does Article 25(c)(1) establish a jurisdictional disqualification?

### I

■ It is clear from the record that both MSG Blackstone and appellant were assigned to the same company both at the time of the offense and at the time of trial. Appellant insists that the fact of assignment to the same unit marks the end of our inquiry. We disagree. Had the framers of the UCMJ intended assignment to a unit as the unconditional test of eligibility, they could have modeled Article 25(c)(1) on its precursor, Article of War 16, Selective Service Act of 1948, Title II, § 212, 62 Stat. 630 (1948) (formerly codified at 10 U.S.C. § 1487), which specifically stated that enlisted members "assigned to the same company or corresponding military unit" were not eligible to serve. That they did not indicates to us a dissatisfaction with the mechanistic approach taken by the Boards of Review in interpreting Article of War 16. *See e.g., United States v. White,* 2 CMR(AF) 845 (1950); *United States v. Quimbo,* 2 BR/JC 297 (1949).

The Government submits that MSG Blackstone was not a member of appellant's company for the purpose of Article 25(c)(1), but was for that purpose a member of the unit to which he was attached, the United States Military Community Activity, Schweinfurt. Counsel argue that a proper inquiry into unit membership must focus on the facts and circumstances of the court member's activities as they might relate to an accused and his unit. Only by such analysis can the purpose of Article 25(c)(1)

---

1. The fact that MSG Blackstone was nominally a member of appellant's company was first raised by the staff judge advocate in his post-trial review, who concluded on the basis of an affidavit of MSG Blackstone and an attachment order that MSG Blackstone and appellant were not members of the same unit. Because the error assigned concerns jurisdiction we are em-

powered to and have considered additional extra-record documentary evidence. *See United States v. Scott,* 25 C.M.R. 636 (ABR 1958).

2. Paragraph 4*b,* Manual for Courts-Martial, United States, 1969 (Revised edition) further defines "unit" for each armed force.

be served—to render ineligible unit members who by virtue of their association, personal or professional, with the accused or with the command structure, may be predisposed for or against the accused. *See United States v. Scott*, 25 C.M.R. 636, 640 (ABR 1958). We find the Government's arguments persuasive.

Appellant was already a member of Headquarters Company, 2d Battalion, 30th Infantry, when, on 8 December 1979, MSG Blackstone reported to the company. However, from that date until trial MSG Blackstone performed no company duties in that unit. He did not stand company formations, he did not muster with the company and he was assigned no rostered duties with the company. Initially MSG Blackstone was assigned duty with the battalion staff. From 7 July 1980 until after the completion of appellant's trial, MSG Blackstone was assigned duty as the Training Standards Officer (TSO) for the Schweinfurt Community, attached to the United States Military Community Detachment, Schweinfurt.[3] In his TSO capacity MSG Blackstone's only contact with Headquarters Company, 2d Battalion, 30th Infantry was to administer Skill Component Testing to its soldiers, a task he did for every eligible soldier in the community, approximately 10,000 individuals. MSG Blackstone was never responsible to company personnel, but was rated initially by battalion staff officers and later by division staff officers. To his knowledge, MSG Blackstone never had any contact with appellant prior to trial.

We find that MSG Blackstone performed none of the normal functions of a noncommissioned officer assigned to a company. He was never part of the company chain of command. He had, during the time of the offense and the trial, no contact with Headquarters Company, 2d Battalion, 30th Infantry different from that with any other company size unit in the Schweinfurt community except the Community Detachment itself. We hold that under the circumstances of this case MSG Blackstone was not disqualified by Article 25 as a member of the same unit as appellant.

## II

One matter remains to be addressed and that is the jurisdictional aspect of appellant's contention. The Army Board of Review held in *United States v. Scott, supra*, that unit membership ineligibility under Article 25(c)(1) was not jurisdictional. The Board observed that the purpose of the disqualification was to avoid any potential bias for or against the accused suggested by unit membership. Interpreting the word "eligible" consistently with its usage in Articles 25(d)(2) and 26(a), 10 U.S.C. § 826(a),[4] the Board concluded that each of the provisions bars a potential court member from "participation in a particular case because of a personal disqualification with respect to it and not because he is incompetent by reason of status or lack of professional qualification for appointment to all courts-martial." *Id.* at 640. We are aware of no reason to deviate from the sound logic expressed in *Scott* that waiver is applicable to the personal disqualification identified in Article 25(c)(1). *See United States v. Kimball*, 13 M.J. 659 (NMCMR 1982); *United States v. Tagert*, 11 M.J. 677 (NMCMR 1981). *But see United States v. Anderson*, 10 M.J. 803 (AFCMR 1981). Furthermore, the application of waiver to Article 25(c)(1) is consistent with the Congressional intent as the parties themselves stand in the best position to assess particular prejudice arising from unit membership. *See A Bill to Unify, Consolidate, Revise, and Codify the Articles of War, the Articles for the Government of the Navy, and the Discipli-*

---

**3.** MSG Blackstone was attached to the United States Military Community Activity, Schweinfurt, from 7 July 1981 to 6 July 1982.

**4.** We see no reason to distinguish between eligibility defined in subsections (c) and (d) of Article 25, UCMJ, as far as jurisdictional effect is concerned. *United States v. Tagert*, 11 M.J.

677 (N.M.C.M.R.1981). *See United States v. Dyche*, 8 U.S.C.M.A. 430, 24 C.M.R. 240 (1957) (investigating officer), *United States v. Hurt*, 8 U.S.C.M.A. 224, 24 C.M.R. 34 (1957) (defense counsel), *United States v. Beer*, 6 U.S.C.M.A. 180, 19 C.M.R. 306 (1955) (witness for the prosecution).

*nary Laws of the Coast Guard, and to Enact and Establish a Uniform Code of Military Justice; Hearings on H.R. 2498 Before a Subcomm. of the House Comm. on Armed Services,* 81st Cong., 1st Sess. (1949).

■ Notwithstanding the fact that the Article 25(c)(1) disqualification may be waived, appellant argues that it was not waived in this case because no disclosure of and examination into the ineligibility occurred at trial. *United States v. Kimball, supra; United States v. Tagert, supra.* Clearly, an accused may expressly waive a personal disqualification of a court member under Article 25(d)(2). *United States v. Hurt,* 8 U.S.C.M.A. 224, 24 C.M.R. 34 (1957), *United States v. Beer,* 6 U.S.C.M.A. 180, 19 C.M.R. 306 (1955), and of a military judge under Article 26, *see United States v. Law,* 10 U.S.C.M.A. 573, 28 C.M.R. 139 (1959) (legal officer). An accused may also be held to have waived an objection he knew or should have known of the ineligibility. *United States v. Airhart,* 23 U.S.C.M.A. 124, 48 C.M.R. 685 (1974) (unavoidable inference that military judge became a witness), *United States v. Dyche,* 8 U.S.C.M.A. 430, 24 C.M.R. 240 (1957) (member's prior participation as investigating officer must have been known to counsel); *see United States v. Griffin,* 8 M.J. 66 (CMA 1979) (if judge became a witness, failure to challenge precludes reversal), *United States v. Henderson,* 11 U.S.C.M.A. 556, 29 C.M.R. 372 (1960) (if member became a witness, failure to challenge waives disqualification); *but see United States v. Wilson,* 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957) (no indication accused intended waiver). An accused will not be held to have waived a personal disqualification where specific prejudice is shown, or where the application of waiver would result in a miscarriage of justice. *United States v. Ivey,* 37 C.M.R. 626 (ACMR 1967).

■ At appellant's trial, the nominal ineligibility of MSG Blackstone was clear on the face of Court-Martial Convening Order Number 371. After receiving an indication from MSG Blackstone that he did not know appellant, trial defense counsel did not engage in separate voir dire nor did he challenge MSG Blackstone for cause. Any objection to MSG Blackstone's sitting on appellant's court-martial was thus waived. *United States v. Dyche, supra; United States v. Scott, supra.*

We have considered appellant's other assignments of error and find they lack merit.

The findings of guilty and the sentence are affirmed.

MELNICK, Senior Judge, dissenting:

I believe that MSG Blackstone was barred from sitting on this court-martial by Article 25(c)(1) of the Uniform Code of Military Justice. Clearly both appellant and MSG Blackstone were members of the same company. To me, the Code and the Manual (paragraph 4*b*, Manual for Courts-Martial, United States, 1969 (Revised edition)) adopt a strict test and preclude, in the Army, a member of an accused's company from sitting as a court member at his court-martial. The duties of that court member within that company are irrelevant. Whether he stands formation, or knows the accused, is of no consequence.

The only possible issue here is whether MSG Blackstone was actually a member of some other company. It is true that the affidavits provided to us by the Government, and not challenged by appellant, indicate MSG Blackstone was attached to the United States Military Community Activity, Schweinfurt, and performed duties totally removed from the company to which he was assigned. However, I cannot conclude that MSG Blackstone was a *de facto* member of the Community Activity, as do my colleagues. It is apparent from the submitted affidavits that MSG Blackstone was an overstrength addition to the Community Activity; he was "borrowed" from the tactical unit to which he belonged. He could not be assigned to the Community Activity because there was no authorized space for him; it was not intended that he be a member of the Community Activity. In these circumstances, I believe he remained a member of appellant's company and was thus barred from sitting on his court-mar-

tial. This Court reached the same conclusion on similar facts in *United States v. Scott,* 25 C.M.R. 636 (ABR 1958).

I would not invoke waiver here. My reading of this record is that no one picked this issue up until after the trial. Then the Staff Judge Advocate raised it in his review and defense counsel noted it in his *Goode* response. I see no reason to hold defense counsel here to a higher standard than that applied to the military judge, the trial counsel, or the Staff Judge Advocate. *See United States v. Wilson,* 7 U.S.C.M.A. 656, 23 C.M.R. 120 (1957).

The remaining issue is relief. In *United States v. Anderson,* 10 M.J. 803 (AFCMR 1981), the Air Force Court of Military Review reversed without more on similar facts. I would do the same. I have considered the cases which held that the presence of an ineligible enlisted man is waivable.[1] Whatever the merits of those decisions, and the cases they cite, they do not deal with situations where, as here, an accused has not waived affirmatively the presence of an ineligible enlisted member. Rather, this case is controlled by those decisions where an improperly appointed court member sits or a challenge is erroneously denied. The court is considered to be tainted. There is no head count of votes or other testing for prejudice. In *United States v. Moore,* 4 U.S.C.M.A. 675, 16 C.M.R. 249 (1954) the Court of Military Appeals held that when an ineligible person participates as a court member it is fatal to the findings and the sentence. That holding has been repeated in a variety of settings.[2] It is controlling here.

I would, accordingly, set aside this conviction.

**UNITED STATES, Appellee,**

1. *United States v. Kimball,* 13 M.J. 659 (NMCMR 1982); *United States v. Tagert,* 11 M.J. 677 (NMCMR 1981).

2. *United States v. Lenoir,* 13 M.J. 452 (CMA 1982); *United States v. Johnson,* 23 U.S.C.M.A. 104, 48 C.M.R. 665 (1974); *United States v. Cleveland,* 15 U.S.C.M.A. 213, 35 C.M.R. 185 (1965); *United States v. Harnish,* 12 U.S.C.M.A. 443, 31 C.M.R. 29 (1961).