**UNITED STATES, Appellee,**

v.

**Specialist Roy A. MILAM, 493–84–8870, United States Army, Appellant.**

**ACMR 9003301.**

U.S. Army Court of Military Review.

6 Dec. 1991.

For Appellant: Lieutenant Colonel James H. Weise, JAGC, Major Michael J. Kelleher, JAGC, Captain James M. Heaton,

JAGC, Captain Emmett G. Wells, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swetnam, JAGC, Captain Joel J. Berner, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

GRAVELLE, Judge:

Contrary to his pleas, the appellant was convicted by a general court-martial consisting of officer and enlisted members of conspiracy to commit larceny, larceny, and receiving stolen property, in violation of Articles 81, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, and 934 (1982) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and reduction to Private E1.

The appellant assigns as error that:

THE MILITARY JUDGE ERRED BY DENYING A DEFENSE CHALLENGE FOR CAUSE [AGAINST] TWO ENLISTED PANEL MEMBERS WHO WERE ASSIGNED TO APPELLANT'S UNIT.[1]

Having reviewed the record and appellate counsels' arguments regarding the assigned issue, we agree that the military judge erred and reverse.

## I.

The appellant was a member of Headquarters and Headquarters Company, 513th Military Intelligence Brigade at Fort Monmouth, New Jersey, at the time of the incidents leading to the charges in this case. Both the charge sheet and the specifications list the appellant as a member of this unit. A month after charges were preferred and two months before trial, the appellant was reassigned to Headquarters, Communications and Electronics Command (CECOM) and further attached to B Company, United States Army Garrison (USAG), Fort Monmouth, "for the purpose of rations, quarters, administration and UCMJ." At trial, he requested that enlisted members be appointed to his court-martial pursuant to Article 25, UCMJ. In response to his request, the convening authority selected enlisted members for the court-martial. Convening orders 4 and 5 amend the original general court-martial convening order to add those enlisted members to the panel. Both amending orders state that the orders are "for the trial of SPC Roy A. Milam, 493–84–8870, B Company, United States Army Garrison, Support Troops Battalion, Fort Monmouth, New Jersey, only." Convening Order Number 5 reflects that enlisted court members Sergeant First Class (SFC) McCarthy and Staff Sergeant (SSG) Curry are members of "B Company, USAG."

During voir dire, it was disclosed that SFC McCarthy and SSG Curry, were *assigned* to B Company, USAG, and that the appellant was *attached* to this same compa-

---

1. In addition, this court specified five issues, as follows:

WHETHER THE MILITARY JUDGE ERRED IN PERMITTING THE TWO CID AGENTS TO TESTIFY, OVER DEFENSE COUNSEL'S HEARSAY OBJECTION, TO THE CONTENTS OF THE STATEMENTS MADE BY A NUMBER OF THE OTHER CO–CONSPIRATORS.
WHETHER THE FINDING OF GUILTY OF CHARGE I (CONSPIRACY TO COMMIT LARCENY) IS INCONSISTENT WITH THE FINDING OF GUILTY OF SPECIFICATION 2 OF CHARGE II (RECEIVING STOLEN PROPERTY) AS TO THE NINTENDO GAME.
WHETHER, AS A MATTER OF LAW, THE APPELLANT COULD LEGALLY "RECEIVE STOLEN PROPERTY" FROM A CO–CONSPIRATOR WHO STOLE THE PROPERTY.

WHETHER THE RECORD OF PROCEEDINGS IS "SUBSTANTIALLY VERBATIM" IN LIGHT OF TWO OFF–THE–RECORD SIDE-BAR CONFERENCES, THE CONTENTS OF WHICH ARE NOT RECORDED (R. 206 & 324).
WHETHER THE MILITARY JUDGE ERRED IN FAILING TO ASCERTAIN ON THE RECORD THAT THE APPELLANT KNOWINGLY CONSENTED TO THE DEFENSE COUNSEL'S ARGUMENT ON SENTENCE ASKING FOR A PUNITIVE DISCHARGE. *SEE UNITED STATES v. VOLMAR,* 15 M.J. 339 (C.M.A.1983); *UNITED STATES v. McNALLY,* 16 M.J. 32 (C.M.A.1983).
In view of disposition of the assigned issue, we need not decide these issues or those raised personally by the appellant.

ny. Both members were specifically questioned about their knowledge of the appellant. SSG Curry had seen him around; SFC McCarthy didn't even recall ever seeing him, having himself just joined the company.

The defense counsel challenged three members of the court for cause: a captain, who had a law enforcement background, and the two noncommissioned officers because they were members of the same unit as the appellant. The military judge properly denied the challenge regarding the captain. He also denied the two challenges for cause against the noncommissioned officers, rationalizing that there was no prejudice to the appellant because neither enlisted member knew the appellant and because the challenges would reduce the enlisted membership below the one-third minimum requirement of Article 25(c), UCMJ, 10 U.S.C. § 825(c). The government thereafter peremptorily challenged SSG Curry. The defense counsel then challenged a colonel peremptorily, saying she would have challenged SFC McCarthy, the captain, or some other member if her challenge for cause against SFC McCarthy had been granted. SFC McCarthy thereafter participated as a member of the court-martial that tried and sentenced the appellant.[2]

### II.

■ Article 25(c), UCMJ, states in pertinent part:

(1) Any enlisted member of an armed force on active duty who is not a member of the same unit as the accused is eligible to serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought before such courts for trial, but he shall serve as a member of a court only if ... the accused personally has requested orally on the record or in writing that enlisted members serve on it.

After such a request, the accused may not be tried by a general or special court-martial the membership of which does not include enlisted members in a number comprising at least one-third of the total membership of the court....

(2) In this article, "unit" means any regularly organized body as defined by the Secretary concerned, but in no case may it be a body larger than a company, squadron, ship's crew, or body corresponding to one of them.

*See also* Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 503(a)(2).

In *United States v. Wilson*, 21 M.J. 193 (C.M.A.1986), the Court of Military Appeals was presented with a slight variation on the issue presented to us: whether an enlisted court member who was assigned (but attached elsewhere) to the same company-sized unit to which the accused was assigned violated Article 25(c), UCMJ. In reviewing the historical origins, purposes, and Congressional concerns in enacting Article 25(c), the court noted:

We agree that Article 25(c)(1) was intended to apply when an enlisted court member is "attached ... for administrative, disciplinary and court-martial purposes" to the same unit as the accused— even though he is not formally assigned to that unit. *United States v. Anderson*, [10 M.J. 803 (A.F.C.M.R.1981)] at 805.

21 M.J. at 195.

In construing the term "unit" and the accused's and member's administrative relationship to it, the court ruled that the term includes both "attached" and "assigned" unit. *Id.* at 196. *See also Anderson*, 10 M.J. 803.[3] We see no significant difference in the present case wherein it was the appellant who was attached and the member who was assigned to the same

---

**2.** The appellant continued to object to the membership of SFC McCarthy in post-trial submissions made pursuant to Rule for Courts–Martial 1105. In his addendum to the post-trial recommendation, the staff judge advocate opined that the appellant's failure to challenge SFC McCarthy peremptorily, waived the issue. Appellate

government counsel likewise make the same argument before this court.

**3.** *Anderson* has yet another variation on the facts presented here. An enlisted court-martial member was attached to the same unit to which Anderson was assigned.

company-sized unit. The outcome is the same: the two noncommissioned officers were ineligible to serve as members of the appellant's court-martial.

We hold that the military judge erred by failing to grant challenges for cause against the two enlisted members assigned to the same company-sized unit to which the appellant was attached. Once the appellant raised the issue by a challenge, the eligibility, and not the impartiality of the two members was put into question. The military judge's determination that the two members were not tainted by knowledge of the appellant or the facts was not relevant.[4] In other words, if the members were statutorily disqualified, impartiality is not at issue. *See United States v. Wilson,* 16 M.J. 678, 681 (A.C.M.R.1983) (Melnick, S.J., dissenting) (duties within the company and knowledge of the accused are irrelevant), *aff'd on other grounds* 21 M.J. 193 (C.M.A.1986).

■■■■ Having found that the military judge erred, we must determine the consequences of that error. Including enlisted members from the accused's company-sized unit on a court-martial panel is not a jurisdictional defect, and the disqualification may be waived by the accused. *Wilson,* 21 M.J. at 196–97; *See United States v. Alexander,* 27 M.J. 834, 836 (A.C.M.R.), *pet. denied,* 28 M.J. 354 (C.M.A.1989); *United States v. Tagert,* 11 M.J. 677 (N.M.C.M.R.1981). *But see Anderson,* 10 M.J. 803. In the case before us, the defense counsel's timely challenges for cause preclude waiver.[5] Therefore, the military judge's error requires reversal.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge JOHNSON and Judge WERNER concur.

**4.** What made the military judge not only wrong, but *very* wrong, was his consideration that granting the challenges would have reduced the enlisted membership below the one-third minimum enlisted membership prescribed by Article 25(c)(1). In determining challenges for cause, such a consideration has no relevance. While it may create a short-term practical problem, it cannot be a legal consideration. *See United States v. Mason,* 16 M.J. 455, 457–59 (C.M.A.1983) (Everett, C.J., dissenting).

**5.** Whether the accused raises the issue of disqualification by challenge for cause or by objection is not significant. *United States v. Scott,* 25 C.M.R. 636 (A.B.R.1958). The fact is, he raised the issue. Therefore, we need not determine if the defense counsel's peremptory challenge of someone other than SFC McCarthy somehow waived the error in this case.