UNITED STATES

v.

**Allan Ray EDWARDS, 347 58 2933 Aviation Ordnanceman Airman (E–3), U.S. Navy.**

**NMCM 85 0971.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 7 Jan. 1985.

Decided 30 Aug. 1985.

MAJ MICHAEL E. CANODE, USMC, Appellate Defense Counsel.

LT GARY K. VAN METER, JAGC, USNR, Appellate Defense Counsel.

LT MICHAEL MUDGETT, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and COUGHLIN and CASSEL, JJ.

CASSEL, Judge:

Appellant was tried by special court-martial, military judge alone, on 7 January 1985 and pursuant to his pleas was found guilty of five specifications of unauthorized absence in violation of Article 86 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. He was sentenced to a bad conduct discharge, confinement at hard labor for 100 days, forfeiture of $400.00 pay per month for 3 months, and reduction to pay grade E–1. The convening authority approved the findings and sentence as adjudged but, in accordance with the pretrial agreement, suspended confinement in excess of 3 months for a period of 12 months from the date of trial.

Before this Court appellant makes the following assignment of error:

THE MILITARY JUDGE WAS DISQUALIFIED TO ACT IN APPELLANT'S CASE AND ERRED WHEN HE FAILED TO RECUSE HIMSELF SINCE HE WAS ACTING AS THE LEGAL OFFICER OF THE CONVENING AUTHORITY AT THE TIME THE OFFENSES ALLEGED IN SPECIFICATIONS 1, 2, AND 3 OF THE CHARGE OCCURRED.

Appellant's special court-martial was convened by the commanding officer of the USS SARATOGA (CV–60). At the beginning of trial, the military judge advised that he had been the convening authority's legal officer during the time of the inception and termination of the first three unauthorized absences charged, but that he had "no memory whatsoever of Airman Edwards" and that he had "formed no opinion concerning his case." The military judge had been relieved as the SARATOGA's legal officer prior to 17 May 1984, the date appellant commenced his next unauthorized absence. The charges were preferred and referred on 4 December 1984. Defense counsel conducted *voir dire* of the military judge with respect to this disclosure and stated that he had no challenge for cause.

Appellant asks this Court to set aside the findings and sentence on the grounds that the military judge should have recused himself pursuant to Rule for Court-Martial (R.C.M.) 902(b)(2). That rule provides that a military judge *shall* disqualify himself "[w]here the military judge has acted as counsel, investigating officer, legal officer, staff judge advocate, or convening authority as to any offense charged or in the same case generally." Additionally, R.C.M. 902(e) provides that a ground for disqualification under R.C.M. 902(b) may not be waived.

The Government argues that a military judge is not disqualified where his prior relationship to a case is of a merely administrative nature or where his "prior involvement with the case is nothing more than a pro forma relationship." Additionally, the Government urges that 902(b)(2) requires some earlier action on the case by the military judge before he is disqualified and that, in the instant case, the military judge did not "act on" the charges which occurred while he was the convening authority's legal officer.

The instant case presents a close call with respect to the military judge's R.C.M. 902(b)(2) duty to recuse himself. At the very least, the circumstances appear to approach the situation where a military judge would be disqualified from sitting on

a case. Because of the obvious lack of any prejudice [1] to the rights of the appellant, however, we need not second guess the military judge's decision not to withdraw. Appellant pleaded guilty to five specifications of simple unauthorized absences. There is no indication that the military judge was in any way involved with the processing of the offenses which occurred while he was the command legal officer. His treatment of the case was scrupulously unbiased and impartial. When he realized that he was the convening authority's legal officer during the time of the occurrence of some of the offenses, he immediately brought the matter to the attention of the parties, responded to defense's voir dire, and assured them that he had no recollection of the appellant or the charges. Thus, even assuming that the military judge had erred when he did not recuse himself, the appellant was not materially prejudiced thereby and, therefore, remedial action is not warranted. Article 59(a), UCMJ.

■ Although we make no finding with respect to whether or not the military judge should have recused himself in the instant case, the frequency of changes in military assignments forewarns that this situation is likely to recur. Thus, we feel compelled to make some comment in order to provide guidance to military judges who find themselves on the bench after having served as command legal advisers. In this regard we state first of all that we question appellate government's argument implying that recusal is mandated only when the military judge, in a prior capacity, has taken some concrete, definable action on a case or set of charges. We believe that the language in R.C.M. 902(b)(2), requiring recusal where the military judge "has acted *as*", legal officer, etc.; "as to any offense charged or in the same case generally," (emphasis added), implicitly recognizes that advice rendered by an SJA does not always manifest itself in some tangible document or "action" such as, for example, an Article 34 advice letter. Although there is no statutory requirement that the convening authority refer charges to his legal officer for advice in a special court-martial, more often than not a commander will informally consult his legal expert with respect to the disposition of those charges. Accordingly, we decline to make disqualification of the military judge contingent upon the existence of some document indicating that he has taken some prior action on the case. We think it unwise also to rely on a military judge's assurances that he does not remember an accused and the charges before him. His recollection of any involvement he may have had with the case will often not surface until a later point in the trial, such as during witness testimony or during the guilty plea inquiry.

■ Federal decisions interpreting 28 U.S.C. § 455, the federal analogue of R.C.M. 902 [2], have determined that the disqualification of a judge because of prior service as a U.S. Attorney depends on "a judgment concerning *when* a 'case' began."

---

1. "As long as a qualified military judge presides over the court-martial, any irregularity in detailing a military judge is not jurisdictional and could result in dismissal only if specific prejudice was shown." Appendix 21, Analysis, *Manual for Courts-Martial, 1984* (MCM 1984) at A 21–25 (citing S.Rep. No. 53, 98th Cong., 1st Sess. 12 (1983)). The cited Congressional record states that "errors in the assignment or excusal of counsel, members, or a military judge that do not effect the required composition of a court-martial will be tested solely for prejudice under Article 59."

2. R.C.M. 902 is in fact based on 28 U.S.C. § 455. *Manual for Courts-Martial, 1984* (MCM, 1984), Appendix 21, Analysis at A21–45. The pertinent provisions of 28 U.S.C. § 455 state:

(b) He [a justice, judge or magistrate] shall also disqualify himself in the following circumstances:

. . . . .

(2) Where in private practice he served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy. . . .

*United States v. Kelly,* 556 F.2d 257, 262 (5th Cir.1977) (emphasis added). Disqualification of a judge is not mandated merely because he was a U.S. Attorney at the time of the commission of an offense. *Id.* at 263. "[I]t is the date that the prosecution was initiated, and not the date of the underlying offense, that is of critical importance in deciding whether a former United States Attorney is disqualified from presiding over a criminal case." *Id.* at 262. Likewise, mandatory recusal of the military judge should be dependent not upon whether the judge remembers the case before him from his prior capacity as command legal adviser, but on whether or not there was an "offense charged" or the existence of a "case" at the time of this prior service. It has been held that "a 'case' begins with the first formal prosecutorial proceeding (arrest, complaint, or indictment) which is designed to bring a named alleged offender before the court." *United States v. Wilson,* 426 F.2d 268, 269 (6th Cir.1970); *see also In re Grand Jury Investigation,* 486

F.2d 1013 (3d Cir.1973), *cert. denied sub nom. Testa v. United States,* 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974). In deciding whether or not he should recuse himself pursuant to R.C.M. 902(b)(2), a military judge should look to the occurrence of the military counterparts of these indicia of the initiation of a prosecution.

In accordance with our finding that the appellant suffered no prejudice from the military judge not recusing himself in the instant case, we affirm the findings of guilty and the sentence as approved by the convening authority.

Senior Judge GLADIS and Judge COUGHLIN concur.