**UNITED STATES**

v.

**William L. BURRER, 454 41 0579 Fireman (E–3), U.S. Naval Reserve.**

**NMCM 85 4536.**

U.S. Navy-Marine Corps Court of Military Review.

26 March 1986.

LCDR JAMES J. QUIGLEY, JAGC, USN, Appellate Defense Counsel.

LT RICHARD A. MEDEMA, JAGC, USNR, Appellate Defense Counsel.

CAPT H.C. LASSITER, USMCR, Appellate Government Counsel.

Before MITCHELL, Senior Judge, and GLADIS and CASSEL, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his pleas at a special court-martial bench trial of escape from custody, wrongful possession with intent to distribute and wrongful distribution of marijuana, and wrongfully tampering with and submitting a false urine specimen, in violation of Articles 95, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 895, 912a, and 934, and sentenced to a bad conduct discharge, confinement at hard labor for 4 months, forfeiture of $413.00 per month for 4 months, and reduction to pay grade E–1. A substitute convening authority approved the sentence.

The accused contends on appeal that the military judge erred in failing to recuse himself *sua sponte* because he had previously acted as investigating officer in the case. We find no prejudice and affirm.

At the initial Article 39(a), 10 U.S.C. § 839(a), session the military judge disclosed that he had originally been appointed as the Article 32, 10 U.S.C. § 832, investigating officer, held a session at which he advised the accused of his rights to counsel, and recessed in order to permit the accused to request individual military counsel. He held no further proceedings as investigating officer and was not informed of the evidence or the identity of the witnesses. The judge did not believe that he had acted as investigating officer within the meaning of Article 26(d), UCMJ, 10 U.S.C. § 826(d). He stated that he had not formed an opinion concerning the merits and felt he could act impartially. He invited a challenge for cause, but defense coun-

sel stated that he had no objection. The judge conducted a painstaking inquiry into and approved the accused's request for trial by military judge alone. The accused now contends that the trial was a nullity because Rule for Courts-Martial (R.C.M.) 902(e) prohibited the judge from accepting a waiver of his disqualification.

· Article 26(d), UCMJ, provides that no person is eligible to act as military judge in a case if he is the accuser or a witness for the prosecution or has acted as investigating officer in the same case. R.C.M. 902(b)(2) provides that a military judge shall disqualify himself where he has acted as counsel, investigating officer, legal officer, staff judge advocate, or convening authority as to any offense charged or in the same case generally. R.C.M. 902(e) provides that no military judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in R.C.M. 902(b). The grounds in R.C.M. 902(b)(2) are based on paragraphs 62*f*(5), (6), and (11) of *Manual for Courts-Martial, 1969 (Rev.)* and are analogous to the disqualifying activities in 28 U.S.C. § 455(b)(2). R.C.M. 902(e) is, with changes in terminology, identical to 28 U.S.C. § 455(e). *Manual for Courts-Martial, 1984* (MCM, 1984), App. 21, Analysis at A21–46.

Article 59(a), UCMJ, 10 U.S.C. § 859(a) provides that a finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.

This Court has treated the failure of a military judge to recuse himself pursuant to R.C.M. 902(b)(2) as an error to be tested for prejudice. In *United States v. Edwards*, 20 M.J. 973 (N.M.C.M.R.1985), the accused contended that the military judge erred when he failed to recuse himself because he had acted as legal officer of the convening authority at the time of the offenses. Defense counsel had specifically declined to challenge the judge at trial when the circumstances were disclosed. We did not determine whether the judge

had erred because we found an obvious lack of prejudice. We noted that the analysis of the drafters of R.C.M. 503 concerning the detailing of the military judge stated that as long as a qualified military judge presides over the court-martial, any irregularity in detailing him is not jurisdictional and could result in dismissal only if specific prejudice was shown. The drafters cited S.Rep. No. 53, 98th Cong., 1st Sess. 12 (1983), which states that errors in the assignment or excusal of counsel, members, or a military judge that do not affect the required composition of a court-martial will be tested solely for prejudice under Article 59. *Edwards*, 20 M.J. at 975 n. 1, citing MCM, 1984, App. 21, Analysis at A21–25.

■ It can be argued in this case that, although the military judge was appointed as investigating officer and held a preliminary session at which he advised the accused of his rights to counsel, he did not act as investigating officer because he did not investigate the charges. Nevertheless, for the purposes of this appeal, we assume that the judge acted as an investigating officer within the meaning of Article 26(d), UCMJ, and that his failure to recuse himself was an error which cannot be waived. The issue, then, is whether such an error is either jurisdictional or reversible error *per se*, or whether it is an error to be tested for prejudice. Although our decision in *Edwards*, 20 M.J. 973, is dispositive of the contention that the error is either jurisdictional or reversible error *per se*, we shall elaborate on our rationale for rejecting that contention, because R.C.M. 902(e) provides, in effect, that the error cannot be waived.

■ As noted above, Article 26(d), UCMJ, provides that no person is eligible to act as military judge in a case if he has acted as investigating officer in the same case. The Court of Military Appeals observed in *United States v. Goodman*, 3 M.J. 1 (C.M.A.1977), that the language of this article is almost identical to the language of Article 25(d)(2) as to the eligibility of a member of the armed forces to sit as a court member and that as both articles deal with the same subject matter in regard to

persons essential to the jurisdictional composition of a court-martial, the two provisions were intended to have the same meaning and application. Article 25(d) ineligibility is not jurisdictional. *United States v. Wilson*, 21 M.J. 193, 196 (C.M.A. 1986). We conclude that neither is Article 26(d) ineligibility. The legislative history of the amendment to Article 26 cited above and in *Edwards*, 20 M.J. 973, establishes the clear intent of Congress that errors in the assignment or excusal of counsel, members, or a military judge that do not affect the required composition of a court-martial will be tested solely for prejudice under Article 59. An error which affects the required composition of a court-martial is one which occurs when the court is reduced below a quorum because the required number of members are not present. *See United States v. Miller*, 3 M.J. 326 (C.M.A. 1977). The presence of ineligible members, even though the eligible members do not constitute a quorum, is not such an error. *Id.* Thus, Article 26(d) ineligibility is neither jurisdictional nor reversible error *per se.*

As the drafters based R.C.M. 902(e) on 28 U.S.C. § 455(e), we must presume that they were aware of the judicial interpretations of § 455, including those cases which find that a party is precluded from raising judicial disqualification under § 455 for the first time on appeal, because he did not raise the issue in a timely manner at trial. *See United States v. Conforte*, 624 F.2d 869 (9th Cir.1980); *In re International Business Machines Corp.*, 618 F.2d 923 (2d Cir.1980). Although these cases find a basis for the timeliness requirement in 28 U.S.C. § 144, they demonstrate that § 455(e), which prohibits a judge from accepting a waiver of any ground for disqualification enumerated in § 455(b), does not make a violation of § 455(b) either jurisdictional or reversible error *per se.* Although, the drafters of R.C.M. 902 did not adopt

the procedures in 28 U.S.C. § 144, they noted that § 144 does not establish a different test from § 455 for disqualification for prejudice or bias, but instead provides a procedural mechanism by which the disqualification may be made. MCM, 1984, App. 21; Analysis at A21–45. They chose not to adopt the particular procedural mechanism. We are aware that there is a division of authority among the circuits. Some hold that a violation of § 455(b) mandates reversal, even though the disqualification is not raised in a timely manner. *See SCA Services, Inc. v. Morgan*, 557 F.2d 110 (7th Cir.1977). In the absence of a clear indication to the contrary, however, we believe that the drafters of R.C.M. 902 accepted the view that failure of an ineligible judge to disqualify himself is neither jurisdictional nor reversible error *per se,* the provision prohibiting waiver notwithstanding. They were aware of the expressed congressional intent and intended to implement it when they noted that as long as a qualified military judge presides over the court-martial, any irregularity in detailing is not jurisdictional and could result in dismissal only if specific prejudice was shown.[1]

R.C.M. 902(e) only prohibits the military judge from accepting a waiver of certain grounds for disqualification. If he erroneously determines that he is eligible to sit, the error is one which must be tested for prejudice. At most, the prohibition of waiver means that, even though the accused has failed to object at trial, an appellate court may not invoke the doctrine of waiver on review, but must consider the issue on the merits and test for prejudice. *Cf. United States v. Heriot*, 21 M.J. 11 (C.M.A.1985), in which the erroneous denial of a meritorious challenge for cause of a member for bias, not waived at trial, was tested for prejudice. The error does not

---

1. A judge who is certified to be qualified for duty as a military judge by the Judge Advocate General of his armed force is qualified, in accordance with Article 26(b), UCMJ, although he may be ineligible to sit in a particular case by virtue of Article 26(d). *Cf. United States v. Miller*, 3 M.J. 326 (The presence of ineligible members, even though the eligible members do not constitute a quorum, is not a jurisdictional defect.)

require automatic reversal. The facts and circumstances of the individual case must be taken into account. *Cf. United States v. Fisher*, 21 M.J. 327 (C.M.A.1986). The question is whether the error had a substantial influence. If so, or if one is left in grave doubt, it is reversible error. *United States v. Lane*, — U.S. —, 106 S.Ct. 725, 88 L.Ed.2d 814 (1986). We recognize that when a trial judge is discovered to have some basis for rendering a biased judgment and his actual motivations are hidden from view, it may be impossible to measure the risk of harm and say with assurance that the error is harmless. *See Vasquez v. Hillery*, — U.S. —, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). If the error undermines the structural integrity of the criminal tribunal itself, reversal is required, because it is presumed that the process by which the conviction was obtained is fundamentally flawed. This is not such a case. The fact that we may not be able to measure the risk of harm in some cases does not mandate reversal of those cases in which we can say with fair assurance that there was no risk of harm. *See United States v. Heriot*, 21 M.J. 11, in which the erroneous denial of the challenge of a biased member was tested for prejudice and found to be harmless error.

In this case the lack of prejudice is obvious. The judge's activities, if any, as investigating officer were minimal. He had no bias or predisposition. With full knowledge of the facts, defense counsel refused to challenge the judge. His evaluation of the situation is entitled to weighty consideration on appeal. *See United States v. Goodman*, 3 M.J. at 5. Here we can say with fair assurance that there was no risk that the accused was harmed by the judge's failure to recuse himself *sua sponte*. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Senior Judge MITCHELL and Judge CASSEL concur.