# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, SALADINO[1], and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL W. SCHAEFER**
**United States Army, Appellant**

ARMY 20140245

Headquarters, 1st Cavalry Division
Wade N. Faulkner, Military Judge
Colonel R. Tideman Penland, Jr., Staff Judge Advocate (pretrial)
Lieutenant Colonel Michael D. Jones, Staff Judge Advocate (recommendation)
Lieutenant Colonel Alison C. Martin, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Christopher D. Coleman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Daniel D. Derner, JA; Captain Timothy C. Donahue, JA (on brief).

28 June 2016

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALADINO, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of desertion, one specification of willfully disobeying a superior commissioned officer, and three specifications of assault consummated by a battery in violation of Articles 85, 90, and 128 Uniform Code of Military Justice, 10 U.S.C. §§ 885, 890, 928 (2006). The military judge sentenced appellant to be discharged from the service with a bad-conduct discharge, to be confined for fifteen months, and to be reduced to the grade of E-1. The convening authority approved the sentence as adjudged and granted appellant 147 days confinement credit against his sentence.

---

[1] Judge SALADINO took final action in this case while on active duty.

Appellant raises two assignments of error, one of which requires discussion and relief. We find the issues raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to be without merit.

**BACKGROUND**

On 21 March 2015, before arraignment, the military judge disclosed his prior assignment as the Chief of Military Justice (CoJ) for III Corps and Fort Hood. The military judge indicated he served in this position from July 2011 to late June 2013. He further elaborated that in this capacity, he supervised all trial counsel who prosecuted cases for subordinate brigades, including appellant's brigade. In his capacity as CoJ, the military judge had weekly meetings and received reports from trial counsel under his supervision on the progress of cases. Additionally, he provided trial counsel advice on how to proceed with cases.

In January 2013, appellant's original charges were preferred. While serving as CoJ, the military judge personally reviewed the case file and made sure the charges were in the proper form before referral. At some point, the military judge also briefed the staff judge advocate (SJA) on appellant's case and made recommendations as to what a proper disposition of the charges would be. Subsequently, appellant's original charges were also referred while the military judge was assigned as the CoJ. The initial date of appellant's trial was set for 15 July 2013, but the charges were withdrawn.

In August 2013, a second set of charges were preferred against appellant but were later withdrawn. A third and final set of charges were preferred in January 2014. The military judge was assigned to appellant's case after the third set of charges were referred. The original charges were substantially similar to the third set of charges referred.

The military judge stated he "[did not] recall the specific facts and circumstances regarding this particular case, and even if he did . . . [it] would have no effect on [his impartiality]." The defense counsel stated:

> DC: We would like the record to reflect that the second set of charges and the third set of charges which are on here now were brought in a separate jurisdiction other than III Corps, specifically 1st Cav so it wasn't even the same SJA that you were previously the Chief of Justice for, so in any argument that may come out regarding our motion for withdrawal for improper --- or our motion to dismiss for improper referral, I wanted the record to reflect that that was not even the SJA that you advised. And, also, there was no Article 32; it was waived in the

first set of charges when you were --- you were the Chief
of Justice and I have discussed in length all these factors
with [appellant], and [he] has specifically agreed that he
has no objection to you sitting as the military judge in this
case.

The military judge then mentioned that although the jurisdiction and SJA changed,
the convening authority was the same for all three sets of charges.

After the military judge's disclosure, neither government counsel nor defense
counsel challenged or objected to the military judge presiding on appellant's case.
After motions, the military judge accepted appellant's guilty plea to the lesser
included offense of absence without leave (AWOL).  On 25 March 2014, the
government went forward on all charged offenses including the desertion charge.
The military judge subsequently found appellant guilty of all charges and
specifications.

## LAW AND DISCUSSION

It is axiomatic that "[a]n accused has a right to an impartial judge." *United
States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001) (quoting *United States v. Wright*,
52 M.J. 136, 140 (C.A.A.F. 1999)).  Rule for Courts-Martial [hereinafter R.C.M.]
902 implements this rule and "provides two bases for disqualification of a military
judge." *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011).  The first
basis is a military judge's duty to "disqualify himself or herself in any proceeding in
which that military judge's impartiality might reasonably be questioned."  R.C.M.
902(a).  The second basis involves the specific, enumerated circumstances requiring
disqualification, which are listed under R.C.M. 902(b).[2]  Under R.C.M. 902(b), the
relevant specific grounds are as follows:

(2) Where *the military judge has acted as counsel*,
investigating officer, legal officer, staff judge advocate, or
convening authority as to any offense charged or in the
same case generally.

(3) Where the military judge has been or will be a witness
in the same case, is the accuser, *has forwarded charges in
the case with a personal recommendation as to
disposition*, or, except in the performance of duties as
military judge in a previous trial of the same or a related

---

[2] These specific grounds are based on 28 U.S.C. § 455(b).  *See* R.C.M. 902 analysis
at A21-53.

> case, has expressed an opinion concerning the guilt or
> innocence of the accused.

(emphasis added).[3]

Specific grounds for disqualification under R.C.M. 902(b) cannot be waived, but waiver may be accepted for grounds arising under R.C.M. 902(a), subject to full disclosure on the record of the basis for disqualification. R.C.M. 902(e). Our superior court has explained disqualification analysis under R.C.M. 902 as follows:

> In short, RCM 902 . . . requires consideration of
> disqualification under a two-step analysis. The first step
> asks whether disqualification is required under the
> specific circumstances listed in RCM 902(b). If the
> answer to that question is no, the second step asks whether
> the circumstances nonetheless warrant disqualification
> based upon a reasonable appearance of bias.

*United States v. Quintanilla*, 56 M.J. 37, 45 (C.A.A.F. 2001).

Here, we find grounds for disqualification in the record under R.C.M 902(b). Accordingly, we will not address whether the circumstances additionally warrant disqualification based on R.C.M. 902(a).

A military judge commits error when he fails to recuse himself or herself despite specific grounds to do so under R.C.M. 902(b). *United States v. Peterson*, 23 M.J. 828, 831 (A.C.M.R. 1986) (finding that the military judge's decision to not recuse himself in violation of R.C.M. 902(b)(3) was error); *see United States v. Burrer*, 22 M.J. 544, 548 (N.M.C.M.R. 1986) (finding that a violation of R.C.M. 902(b)(2) was error); *see also United States v. Bradley*, 7 M.J. 332 (C.M.A. 1979).

Further, the Supreme Court recently addressed the issue of a judge's recusal when the judge had prior involvement in a case as a supervising prosecutor. *Williams v. Pennsylvania*, No. 15-5040, 2016 U.S. LEXIS 3774 (Jun. 9, 2016). In *Williams*, a former District Attorney (DA) authorized a prosecutor under his supervision to seek the death penalty against the petitioner. Later, that same DA had been appointed to serve as a judge on the state appellate court and acted on petitioner's appeal against defense's request for him to recuse himself. The Supreme Court held that "Where a judge has had an earlier significant, personal

---

[3] Similarly, 28 U.S.C. § 455(b)(3), provides that a judge shall disqualify himself, "Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]"

involvement as a prosecutor in a critical decision in the defendant's case, the risk of actual bias in the judicial proceeding rises to an unconstitutional level." *Id.* at *14.

Neither the involvement of multiple parties, nor the fact that three decades of time had passed since petitioner's prosecution, relieve the former DA from "the duty to withdraw in order to ensure the neutrality of the judicial process in determining the consequences that his . . . own earlier, critical decision may have set in motion." *Id*. at *8. The Court mentioned critical decisions in a defendant's case can also include what charges to bring and whether to offer a plea bargain. *Id.* The Supreme Court found the judge's participation violated the Due Process Clause of the Fourteenth Amendment stating:

> When a judge has served as an advocate for the State in the very case the court is now asked to adjudicate, a serious question arises as to whether the judge, even with the most diligent effort, could set aside any personal interest in the outcome. There is, furthermore, a risk that the judge "would be so psychologically wedded" to his or her previous position as a prosecutor that the judge "would consciously or unconsciously avoid the appearance of having erred or changed position."

*Id*. at *7 (quoting *Withrow v. Larkin*, 421 U.S. 35, 57 (1975).

Although the Court based its decision on due process grounds, it mentioned other jurisdictions have statutory grounds requiring recusal which provide more protection than due process requires, inferring the judge's participation in *Williams* would have been a violation of 28 U.S.C. § 455(b)(3). *Id*. at *10-11. After finding it was error for the judge to not recuse himself, the Supreme Court held that the error constitutes structural error. *Id*. at *12.

In the present case, the military judge was actively involved in the early stages of appellant's prosecution. The military judge acted as "a counsel" in appellant's case because he was involved in the preferral and referral process and made recommendations on the charging decisions. Although the charges were dismissed and preferred again, the underlying charges the military judge made recommendations on were substantially the same. Recommending a case to be prosecuted can also be seen as an opinion concerning the guilt of the accused. The military judge had "significant" involvement as a prosecutor in appellant's case.

We therefore find that the military judge was obligated to recuse himself under R.C.M. 902(b)(2) and (3) and he committed error in failing to do so. Additionally, the disqualification could not be waived by the accused or his defense counsel. R.C.M. 902(e).

We further find the error is structural because the military judge sat alone as the fact finder in appellant's case, which "deprives the accused of a fair and impartial trial, in violation of the due process clause." *United States v. Kratzenberg*, 20 M.J. 670, 672 (A.F.C.M.R. 1985); *see Peterson*, 23 M.J. at 831; *see also Williams*, 2016 U.S. LEXIS 3774, at *12. Because the risk of harm is too difficult to assess, we remand to preserve the sanctity of the process. *See Burrer,* 22 M.J. at 547-48.

## CONCLUSION

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court