# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class SHAWN S. KEEN**
**United States Army, Appellant**

ARMY 20150168

Headquarters, III Corps and Fort Hood
Wade N. Faulkner, Military Judge
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant:  Captain Matthew L. Jalandoni, JA (argued); Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief); Colonel Mary J. Bradley, JA; Captain Patrick J. Scudieri, JA; Captain Matthew L. Jalandoni, JA (on brief in response to specified issue); Major Christopher D. Coleman, JA; Captain Matthew L. Jalandoni, JA (on reply brief).

For Appellee:  Major Edward J. Whitford, JA; (argued); Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Lieutenant Colonel Kirsten M. Dowdy, JA (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A. G. Courie III, JA; Major Anne C. Hsieh, JA; Lieutenant Colonel Kirsten M. Dowdy, JA (on brief in response to specified issue).

20 October 2016

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HERRING, Judge:

A military judge sitting as general court-martial convicted appellant, pursuant to his plea, of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) [hereinafter UCMJ], and contrary to his plea, of rape, in violation of Article, 120, UCMJ.  The military judge sentenced appellant to a dishonorable discharge, twenty-one months of confinement, and reduction to the grade of E-1.  Pursuant to the pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a

dishonorable discharge, confinement for eighteen months, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.[1]  Appellant raises two issues, neither of which requires discussion or relief.  We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.  However, this court specified one issue:

> WHETHER THE MILITARY JUDGE ACTED AS
> COUNSEL OR LEGAL OFFICER AS TO ANY OFFENSE
> CHARGED OR IN APPELLANT'S CASE GENERALLY
> OR FORWARDED CHARGES IN APPELLANT'S CASE
> WITH A PERSONAL RECOMMENDATION AS TO
> DISPOSITION WHEN HE WAS CHIEF OF MILITARY
> JUSTICE AT III CORPS?

## BACKGROUND

When this court issued our order specifying the above issue, we took judicial notice of the fact that Lieutenant Colonel (LTC) Wade Faulker, the military judge in appellant's case, was Chief of Justice (CoJ) for III Corps and Fort Hood from July 2011 to late June 2013.  The allegation of rape that forms the basis of the Specification of Charge I was reported to Criminal Investigation Command (CID) on 10 December 2012.  On 3 May 2013, the trial counsel for the 69th Air Defense Artillery Brigade stated that probable cause existed to believe appellant committed the offense of rape.  Charges were preferred on 14 October 2014 and referred on 15 January 2015.

The military judge failed to disclose at any time during appellant's trial that he had previously served as CoJ of III Corps and Fort Hood.  He simply stated that he was not aware of any grounds for challenge and asked if either side wished to question or challenge him.  Both sides replied they did not wish to question or challenge him.  The appellant then chose to be tried by military judge alone.

Lieutenant Colonel Faulkner has now filed an affidavit with this court stating he had no recollection of this case from his time as CoJ.  He did note, however, that once he was asked to provide an affidavit on this matter he checked the case tracker he maintained while serving as COJ and found appellant's case listed there.  The tracker contained some information about the case including a comment in the remarks section that the appellant had apologized for "hurting" the victim.

---

[1] This court heard oral argument in this case on 27 September 2016.

The trial defense counsel has also filed an affidavit stating that while he was aware of the military judge previously serving as the CoJ at some time, he was not aware that it was during the investigation of the appellant's case. The trial defense counsel did not arrive at Fort Hood until after LTC Faulkner had left the position of CoJ. The trial defense counsel stated that had he known this information, he would have questioned the military judge before advising his client as to forum selection.

Finally, this court has received an affidavit from the appellant, in which he states he would not have selected military judge alone as his forum if LTC Faulkner's prior service as CoJ had been disclosed.

## LAW AND DISCUSSION

It is axiomatic that "[a]n accused has a constitutional right to an impartial judge." *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001) (quoting *United States v. Wright*, 52 M.J. 136, 140 (C.A.A.F. 1999)). Rule for Courts-Martial [hereinafter R.C.M.] 902 implements this rule and "provides two bases for disqualification of a military judge." *United States v. Martinez*, 70 M.J. 154, 157 (C.A.A.F. 2011). The first basis is a military judge's duty to "disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned." R.C.M. 902(a). The second basis involves the specific, enumerated circumstances requiring disqualification, which are listed under R.C.M. 902(b).[2]

Here, we find grounds for disqualification under R.C.M 902(a). Accordingly, we will not address whether the circumstances additionally warrant disqualification based on R.C.M. 902(b) as stated in the specified issue.

In the present case, the military judge was CoJ when the rape offense at issue occurred and when it was reported to and investigated by CID. Additionally, the case was present on his military justice case tracker. The probable cause opinion was rendered by a trial counsel under his supervision for the very offense for which the appellant was later tried. Regardless of whether this constitutes acting as "a counsel" in appellant's case, this level of involvement in, and knowledge about, appellant's case forms a sufficient basis to reasonably question the military judge's impartiality.

We, therefore, find the military judge was disqualified under R.C.M. 902(a) and he committed error in serving as military judge in appellant's trial. Additionally, because the military judge did not disclose his prior knowledge of the

---

[2] These specific grounds are based on 28 U.S.C. § 455(b). *See* R.C.M. 902 analysis at A21-53.

case, however minimal, the disqualification could not be waived by the accused or his defense counsel. R.C.M. 902(e). We are mindful of the military judge's assertion that he had no recollection of his involvement in the appellant's case at time of trial. This lack of memory, however, does not remove the basis for questioning the military judge's impartiality.

We further find the error is structural because the military judge sat alone as the fact finder in appellant's case, which "deprives the accused of a fair and impartial trial, in violation of the due process clause." *United States v. Kratzenberg*, 20 M.J. 670, 672 (A.F.C.M.R. 1985); *see United States v. Peterson*, 23 M.J. 828, 831 (A.C.M.R. 1986); *see also Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016). Because the risk of harm is too difficult to assess, we remand to preserve the sanctity of the process. *See United States v. Burrer,* 22 M.J. 544, 547-48 (N.C.M.R. 1986).

**CONCLUSION**

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority. All rights, privileges, and property of which appellant has been deprived by virtue of the findings and sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c), and 75(a).

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court